IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TEVA PHARMACEUTICALS USA, INC., TEVA PHARMACEUTICAL INDUSTRIES LTD., TEVA NEUROSCIENCE, INC., and YEDA RESEARCH AND DEVELOPMENT CO., LTD., <br><br>               Plaintiffs, <br><br>     v. <br><br> SANDOZ INC. AND MOMENTA PHARMACEUTICALS, INC. <br><br>             Defendants. | C.A. No. 14-1171-GMS |
| TEVA PHARMACEUTICALS USA, INC., TEVA PHARMACEUTICAL INDUSTRIES LTD., TEVA NEUROSCIENCE, INC., and YEDA RESEARCH AND DEVELOPMENT CO., LTD., <br><br>               Plaintiffs, <br><br>     v. <br><br> DOCTOR REDDY'S LABORATORIES, LTD. AND DOCTOR REDDY'S LABORATORIES, INC. <br><br>             Defendants. | C.A. No. 14-1172-GMS |
| TEVA PHARMACEUTICALS USA, INC., TEVA PHARMACEUTICAL INDUSTRIES LTD., TEVA NEUROSCIENCE, INC., and YEDA RESEARCH AND DEVELOPMENT CO., LTD., <br><br>               Plaintiffs, <br><br>     v. <br><br> MYLAN PHARMACEUTICALS INC., MYLAN INC. and NATCO PHARMA LTD., <br><br>             Defendants. | C.A. No. 14-1278-GMS |

|  |  |
| --- | --- |
| TEVA PHARMACEUTICALS USA, INC., TEVA PHARMACEUTICAL INDUSTRIES LTD., TEVA NEUROSCIENCE, INC., and YEDA RESEARCH AND DEVELOPMENT CO., LTD., <br><br> Plaintiffs, <br> v. <br><br> SYNTHON PHARMACEUTICALS INC., SYNTHON B.V., and SYNTHON S.R.O. <br><br> Defendants. | C.A. No. 14-1419-GMS |
| TEVA PHARMACEUTICALS USA, INC., TEVA PHARMACEUTICAL INDUSTRIES LTD., TEVA NEUROSCIENCE, INC., and YEDA RESEARCH AND DEVELOPMENT CO., LTD., <br><br> Plaintiffs, <br> v. <br><br> AMNEAL PHARMACEUTICALS LLC, <br><br> Defendant. | C.A. No. 15-00124-UNA |

## **JOINT STATUS REPORT**

Pursuant to Rule 16, F.R.C.P. 16, D. Del. LR 16.2, and the Court's January 28, 2015,

Oral Order Scheduling a Rule 16.2b Scheduling Teleconference, the parties, by and through their

undersigned counsel, jointly submit this Joint Status Report.  Counsel for the parties[1] participated

in a telephone conference pursuant to the Notice of Scheduling Conference and as required by

---

[1] The Mylan defendants and Natco Pharma have each filed motions to dismiss that are currently pending before the Court.  C.A. No. 14-1278, D.I. 12, 22.  In no way is their participation in this report, or in the related hearing, a waiver of any of arguments regarding jurisdiction.  C.A. No. 14-1278, D.I. 13, 23, 25.  Mylan and Natco maintain that this Court does not have jurisdiction over Mylan Inc., Mylan Pharmaceutical Inc., or Natco Pharma Ltd. for the reasons recited in its briefs.  C.A. No. 14-1278, D.I. 13, 23, 25.  Mylan and Natco understand that the other parties have set forth the below schedules.

the Fed. R. Civ. P. 26(f) on February 5, 2015.  The following participated in telephone

conferences:

- Shaw Keller LLP and Goodwin Procter LLP participated on behalf of Plaintiffs Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Teva Neuroscience, Inc. and Yeda Research and Development Co., Ltd. (collectively, "Plaintiffs");

- Phillips, Goldman & Spence, P.A. and Budd Larner, P.C. participated on behalf of Defendants Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. (collectively, "DRL");

- Proctor Heyman LLP and Morrison & Foerster LLP participated on behalf of Defendants Sandoz, Inc. and Momenta Pharmaceuticals, Inc. (collectively, "Sandoz");

- Richards Layton & Finger, P.A. and Perkins Coie LLP participated on behalf of Defendants Mylan Inc., Mylan Pharmaceuticals Inc. (collectively, "Mylan") and Natco Pharma Ltd. ("Natco");

- Young Conaway Stargatt & Taylor, LLP and Rothwell Figg Ernst & Manbeck P.C. participated on behalf of Defendants Synthon Pharmaceuticals Inc., Synthon B.V. and Synthon s.r.o. (collectively, "Synthon"); and

- Duane Morris LLP participated on behalf of Defendant Amneal Pharmaceuticals LLC ("Amneal").

The parties attach, for the Court's consideration, a chart summarizing the parties'

scheduling proposals for this action (Exhibit A).  All parties agree that the following actions

involving the infringement of Teva's U.S. Patent Nos. 8,232,250 and 8,399,413—namely, Civil

Action Nos. 14-1171-GMS; 14-1172-GMS; 14-1278-GMS (Mylan and Natco each maintain that

this Court does not have jurisdiction over any of them); 14-1419-GMS; and 15-00124—should

be consolidated for all purposes, including trial.

## 1.  Jurisdiction and Service

These patent infringement suits arise under the Patent Laws of the United States, 35

U.S.C. § 1 et seq.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and

1338(a).  All defendants have been served with process.  Synthon, Sandoz and DRL have

consented to this Court's jurisdiction for purposes of these actions.  Mylan Inc. and Mylan

Pharmaceuticals Inc. filed a motion to dismiss alleging that this Court does not have personal

jurisdiction over them.  C.A. No. 14-1278, D.I. 12, 13, 25.  Natco Pharma Ltd. also filed a

motion to dismiss alleging that this Court has neither subject matter nor personal jurisdiction

over it.  C.A. No. 14-1278, D.I. 22, 23.

On February 3, 2015, Plaintiffs filed a related infringement suit against Amneal

Pharmaceuticals LLC involving the same patents.  *See* Civil Action No. 15-cv-00124.[2]

**2.  Substance of Actions**

These are actions brought by Plaintiffs for alleged infringement of United States Patent

No. 8,232,250 ("the '250 patent") and United States Patent No. 8,399,413 ("the '413 patent").

The '250 and '413 patents are listed in FDA publication "Approved Drug Products with

Therapeutic Equivalence Evaluations," commonly referred to as "the Orange Book" ("Orange

Book"), with respect to COPAXONE® 40 mg/mL injection.  These actions are based on

Abbreviated New Drug Applications ("ANDAs") filed with the United States Food and Drug

Administration ("FDA") that seek approval to manufacture, use, offer for sale, sell in and import

into the United States generic versions of COPAXONE® 40 mg/mL injection, prior to the

expiration of the '250 and '413 patents.

Teva USA is the holder of New Drug Application ("NDA") number 02-0622, approved

by the FDA for the use of glatiramer acetate, marketed as COPAXONE®, for the treatment of

patients with relapsing forms of multiple sclerosis such as relapsing-remitting multiple sclerosis.

Teva's COPAXONE® product is manufactured by Teva Pharmaceutical Industries Ltd., and

marketed and sold in the United States by Teva Neuroscience, Inc.

---

[2] Although the new case against Amneal was not noticed for this conference, Amneal has participated in the preparation of this Joint Status Report for purposes of efficiency.

These actions are based on specific ANDAs, which seek approval to manufacture, use, offer for sale, sell in and import into the United States glatiramer acetate injection, 40 mg/mL prior to the expiration of the '250 and '413 patents.  Plaintiffs subsequently filed separate civil actions against each Defendant Group[3] alleging that the submission of the ANDAs were an act of infringement under 35 U.S.C. § 271(e)(2)(A).  Teva seeks declaratory judgment that manufacture, use, sale, offer for sale, marketing, distribution, and/or importation of each ANDA Product would infringe, contribute to the infringement of, and induce the infringement of the '250 and '413 patents.

Synthon, DRL, and Sandoz have answered the complaints and have asserted counterclaims of invalidity and noninfringement.  Defendants Sandoz and Synthon filed counterclaims of unenforceability due to inequitable conduct.  Mylan and Natco each maintain, as explained in their pending motions to dismiss, that this Court does not have jurisdiction over them.  C.A. No. 14-1278, D.I. 13, 23, 25.  Amneal has not yet responded to the complaint recently filed against it, but intends to answer the complaint.

**3.  Identification of the Issues**

The legal and factual issues in dispute include at least the following:  (a) the scope and construction of the claims of the patents-in-suit; (b) whether the proposed ANDA products infringe one or more claims of the patents-in-suit patent; and (c) whether the claims of the patents-in-suit are invalid and unenforceable.  Additional issues raised include injunctive relief, whether this case is exceptional pursuant to 35 U.S.C. § 285, and whether any party should be awarded its reasonable attorneys' fees, costs and disbursements.

**4.  Narrowing of Issues**

---

[3] The five current "Defendant Groups" are (a) Sandoz, (b) DRL, (c) Mylan and Natco, (d) Synthon; and (e) Amneal.

At this time, the parties have reached no agreement regarding the narrowing of issues.

**5. Relief**

As set forth in Plaintiffs' Complaints, Plaintiffs request a judgment in each case that the patents-in-suit are valid and enforceable.  Plaintiffs also request a judgment that the submission of the relevant ANDAs was an act of infringement and that any manufacture, use, sale, offer for sale, or importation into the U.S. of the Proposed ANDA Products prior to the expiration of the patents-in-suit will infringe one or more claims of the patents-in-suit.  Plaintiffs further request an order decreeing that the effective date of any approval of each ANDA shall be no earlier than the expiration date of the patents-in-suit (including any applicable extensions), that each Defendant be enjoined from the commercial manufacture, use, sale, offer for sale, and importation into the U.S. of the Proposed ANDA Product prior to the expiration of the patents-in-suit, that this case is exceptional, and that fees and costs incurred in this action be awarded to Plaintiffs.  In addition, Plaintiffs request an award of damages or other monetary relief to compensate Plaintiffs if any Defendant engages in the commercial manufacture, use, offer to sell, sale or marketing or distribution in, or importation into the United States of the relevant ANDA Product prior to the expiration of the '250 and '413 patents.

Defendants deny that Plaintiffs are entitled to this relief.  Defendants request a judgment in each case that the patents-in-suit are not infringed, invalid, and unenforceable.  Defendants oppose any request for injunctive relief that extends beyond the scope of the claims of the patents-in-suit.  Defendants further request an order decreeing that this case is exceptional, and that fees and costs incurred in this action be awarded to Defendants.  If Teva is entitled to a 30-month stay with respect to each Defendant, the first 30-month stay would expire in February

2017.  All parties reserve the right to challenge the availability or length of the 30-month stay under 21 U.S.C. §355(j)(5)(B)(iii) or otherwise.

Mylan and and Natco have not filed any answer or counterclaim because as explained in their pending motions to dismiss this Court does not have jurisdiction over them.  If the motions of Mylan and Natco are denied the relevant defendant(s) will file answer(s) and counterclaim(s) requesting relief at that time.

### 6.  Amendment of Pleadings

The parties' proposed deadline for amendment to the pleadings is set forth in Exhibit A.

### 7.  Joinder of Parties

The parties' proposed deadline for joinder of additional parties is set forth in Exhibit A.

### 8.  Discovery

(a)      The parties anticipate that discovery will be needed regarding the infringement, validity, and unenforceability of the '250 and '413 patents.  The parties anticipate needing the following forms of discovery:  (i) written discovery, including but not limited to requests for documents, requests for admission, and interrogatories; (ii) depositions of fact witnesses, including but not limited to deposition testimony pursuant to Federal Rule of Civil Procedure 30(b)(6); and (iii) expert discovery, including but not limited to expert reports and depositions.

(b) Given the number of defendants and the possibility of individual disputes, the parties request an increase in the number of discovery dispute teleconferences with the Court to six (6), with any further teleconferences only upon a showing of good cause.

(c)   The parties propose that they adhere to the limitations on discovery set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's Default Standard for Discovery, except that:

   i.   **Requests for Admission**: Plaintiffs shall be limited to forty (40) requests for each Defendant Group, except for the purpose of authenticity.  Each Defendant Group shall be limited to forty (40) requests for admission, except for the purpose of authenticity.

   ii.  **Interrogatories**:  Plaintiffs shall be permitted to serve twenty (20) interrogatories, including distinct and separate subparts, per each Defendant Group.  Each Defendant Group shall be permitted to serve ten (10) interrogatories, including distinct and separate subparts, on Plaintiffs.  Further, Defendants collectively shall be permitted to serve twenty (20) common interrogatories, including distinct and separate subparts.

   iii. **Fact Depositions:**

   *Number of depositions*:

      1. Plaintiffs' Proposal:  Plaintiffs shall be permitted to take five (5) fact depositions for each defendant group.  Defendants collectively shall be permitted to take up to thirteen (13) fact depositions of Plaintiffs.  Where multiple defendant groups seek to take the deposition of the same fact witness, the witness shall be offered only once, at a time agreeable to all parties.  If additional depositions are needed, and if good cause is shown,

the parties may take additional depositions upon agreement of the parties or by leave of court.

2. <u>Defendants' Proposal</u>:  Plaintiffs shall be permitted to take four (4) fact depositions for each Defendant Group.  Defendants collectively shall be permitted to take up to twenty (20) fact depositions of Plaintiffs.  Where multiple Defendant Groups seek to take the deposition of the same fact witness, the witness shall be offered only once, at a time agreeable to all parties.

*30(b)(6) depositions*:

3. Seven hours of deposition testimony taken pursuant to Federal Rule of Civil Procedure 30(b)(6) shall count as a single deposition toward the deposition limit, no matter how many deposition topics are included in the notice, and no matter how many witnesses are assigned by a party to testify about the deposition topics.  Any party may designate more than one person to testify pursuant to Rule 30(b)(6).  Each day of deposition testimony under Rule 30(b)(6) will not be longer than seven (7) hours.  If a witness is presented in both an individual and Rule 30(b)(6) capacity, the parties will work together to determine a reasonable length for the deposition of that witness.

4. Notwithstanding the foregoing, the Defendants may take a Rule 30(b)(1) deposition of the sole inventor of the patents-in-suit for up to ten (10) hours.

*Location of depositions:*

5. <u>Plaintiffs' Proposal</u>: Reasonable location to be determined on a witness-by-witness basis.

6. <u>Defendants' Proposal</u>: Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district, or at another location in the United States convenient for the witness, subject to the ability of any foreign national to obtain visa approval for entry into the United States within the deposition period. Exceptions to this general rule may be made by order of the Court. All parties will make reasonable requests to their respective former non-U.S. employees to attend depositions in the United States.

*Miscellaneous issues related to fact depositions that the parties agree on:*

7. For any deposition conducted in a language other than English with use of an interpreter, each hour of testimony will be counted as one half hour for purposes of the limits described in Fed. R. Civ. P. 30.

8. The parties will discuss and work together in good faith concerning any requests to adjust the length of any particular deposition in excess of the limits described above. The parties each reserve their right to seek relief from the Court to limit the length of any particular deposition or take depositions in excess of the number and time limits described above.

9. For clarity, depositions of experts do not count against the limit on the number of depositions of fact witnesses.

iv.   **Third-Party Subpoenas:**  Any party which serves a subpoena upon a third party will simultaneously serve a copy of such subpoena upon every other party.  Any party that receives documents from a third party pursuant to a subpoena will produce those documents to the other parties within ten (10) days.  To the extent that third party subpoenas will reveal the identity of business partners for any party, the party serving the subpoena will mark the subpoena with the highest level of confidentiality under the protective order in this case when it is served on the other Defendants.

(d)   **Electronically Stored Information**:  The parties will continue to meet and confer on electronic discovery and electronically stored information.

(e)   **Protective Order**:  The parties agree that a protective order will be necessary due to confidential business and financial information that will need to be exchanged in this action. The parties expect to present a stipulated protective order to the Court for its consideration.

(f)   **Discovery Schedule**:  The parties' proposed schedule for discovery and other dates are set forth in Exhibit A.

## 9.  Estimated Trial Length

The parties estimate a five- to seven-day trial if all related actions filed in this Court are consolidated for trial.

## 10. Jury Trial

The parties agree that at present there are no issues triable by a jury and request a bench trial in this action.

## 11. Settlement

There have not been settlement discussions to date.

**12. Mylan and Natco's Proposal:  Such other matters as counsel considered conducive to the just, speedy and inexpensive determination of this action.**

There are presently two pending motions filed in these related actions.  First, Mylan Pharmaceuticals Inc. and Mylan Inc. have filed a motion to dismiss Case No. 14-1278-GMS for lack of personal jurisdiction.  *See* Civ. No. 14-1278, D.I. 12.  The motion has been fully briefed. In addition, Natco Pharma Ltd. has also filed a motion to dismiss Case No. 14-1278-GMS for lack of personal and subject matter jurisdiction.  *See* Civ. No. 14-1278, D.I. 22.  This motion will be fully briefed by February 20, 2015.  Mylan and Natco submit that resolution of these motions would be conducive to the just, speedy, and/or inexpensive determination of these actions.

**13. Confirmation of Rule 26(f) Conference**

Counsel for the parties have conferred about each of the above matters.

Dated:  February 5, 2015                    Respectfully submitted,


                                            */s/ John W. Shaw*_____
                                            John W. Shaw (No. 3362)
                                            Karen E. Keller (No. 4489)
                                            SHAW KELLER LLP
                                            300 Delaware Avenue, Suite 1120
                                            Wilmington, DE 19801
                                            (302) 298-0700
                                            jshaw@shawkeller.com
                                            kkeller@shawkeller.com

                                            David M. Hashmall
                                            Elizabeth J. Holland
                                            GOODWIN PROCTER LLP
                                            The New York Times Building
                                            620 Eighth Avenue
                                            New York, NY  10018-1405
                                            (212) 813-8800

                                            Daryl L. Wiesen
                                            John T. Bennett
                                            Nicholas K. Mitrokostas
                                            GOODWIN PROCTER LLP
                                            Exchange Place
                                            53 State Street
                                            Boston, MA 02109
                                            (617) 570-1000

                                            William G. James
                                            GOODWIN PROCTER LLP
                                            901 New York Ave. NW
                                            Washington, DC 20001
                                            (202) 346-4000

                                            *Attorneys for Plaintiffs Teva Pharmaceuticals
                                            USA, Inc., Teva Pharmaceutical Industries,
                                            Ltd., Teva Neuroscience, Inc. and Yeda* (Case
                                            Nos. 14-cv-1172, 14-cv-1278 and 14-cv-1419)

*/s/ Stephen B. Brauerman*
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
Vanessa R. Tiradentes (vt5398)
Sara E. Bussiere (sb5725)
BAYARD, P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
(302) 655-5000
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com
sbussiere@bayardlaw.com

David M. Hashmall
Elizabeth J. Holland
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY  10018-1405
(212) 813-8800

Daryl L. Wiesen
John T. Bennett
Nicholas K. Mitrokostas
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
(617) 570-1000

William G. James
GOODWIN PROCTER LLP
901 New York Ave. NW
Washington, DC 20001
(202) 346-4000

*Attorneys for Plaintiffs Teva Pharmaceuticals
USA, Inc., Teva Pharmaceutical Industries,
Ltd., Teva Neuroscience, Inc. and Yeda* (Case
No. 14-cv-1171)

*/s/ John C. Phillips, Jr.*
John C. Phillips, Jr. (No. 110)
David A. Bilson (No. 4986)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE 19806
jcp@pgslaw.com
dab@pgslaw.com

Constance S. Huttner
Beshoy M. Sharoupim
BUDD LARNER, P.C.
150 John F. Kennedy Parkway
Short Hills, NJ 07078
(973) 315-4430

*Attorneys for DRL Defendants*

*/s/ Dominick T. Gattuso*
Dominick T. Gattuso (No. 3630)
PROCTOR HEYMAN LLP
300 Delaware Ave., Suite 200
Wilmington, DE 19801
(308) 472-7300
DGattuso@proctorheyman.com

Rachel Krevans
Matthew I. Kreeger
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
(415) 268-7000

Grant J. Esposito
David J. Austin
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019-9601
(212) 468-8000

Brian M. Kramer
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, California 92130-2040
(858) 720-5100

*Attorneys for Defendants Sandoz Inc.*
*and Momenta Pharmaceuticals, Inc.*


*/s/ Frederick L. Cottrell. III*
Frederick L. Cottrell, Ill (#2555)
RICHARDS, LAYTON, & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
Cottrell@rlf.com

Shannon M. Bloodworth
PERKINS COIE LLP
700 13th St. NW
Washington, DC 20005
Telephone: (202) 654-6204

*Attorneys for Mylan Inc., Mylan*
*Pharmaceuticals Inc. and Natco Pharma Ltd.*


*/s/ Melanie K. Sharp*
Melanie K. Sharp (No. 2501)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
1000 North King Street
Wilmington, DE 19801
(302) 571-6681
msharp@ycst.com

E. Anthony Figg
Sharon L. Davis
R. Elizabeth Brenner-Leifer
Seth E. Cockrum
Jennifer Nock
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
607 14th Street, N.W., Suite 800
Washington, DC 20005
(202) 783-6040

*Attorneys for Synthon Pharmaceuticals Inc.,*
*Synthon B.V, and Synthon s.r.o.*

s/ *Richard L. Renck*
Richard L. Renck (No. 3893)
DUANE MORRIS LLP
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801-1659
(302) 657-4900

Anthony J. Fitzpatrick
Vincent L. Capuano, Ph.D.
Christopher S. Kroon
Carolyn A. Alenci
DUANE MORRIS LLP
100 High Street, Suite 2400
Boston, MA 02110-1724
(857) 488-4200

*Attorneys for Amneal Pharmaceuticals LLC*

# **<u>Exhibit A</u>**

| Item | TEVA'S PROPOSED DATES | DEFENDANTS' PROPOSED DATE |
|---|---|---|
| Joint Status Report | February 5, 2015 | February 5, 2015 |
| Rule 16.2b Scheduling Conference | February 11, 2015 | February 11, 2015 |
| Rule 26(a) Initial Disclosures | February 25, 2015 | February 25, 2015 |
| Initial Disclosures pursuant to Paragraph 3 of the default standard for electronic discovery | March 13, 2015 | March 13, 2015 |
| Parties to produce their respective ANDAs and NDAs, including amendments and supplements, and bases for approval. | None | March 4, 2015 |
| Plaintiff Shall Specifically Identify the Accused Product(s) and the asserted patent(s) they allegedly infringe, and Produce the File History for Each Asserted Patent | March 13, 2015 | March 13, 2015 |
| Each defendant shall produce to the plaintiff the core technical documents related to the accused product(s), including but not limited to operation manuals, product literature, schematics, and specifications | April 13, 2015 | April 13, 2015 |
| Deadline for Motions to Join Parties | None | April 30, 2015 |
| Plaintiffs shall produce to each defendant an initial claim chart relating each accused product to the asserted claims each product allegedly infringes | May 13, 2015 | May 13, 2015 |
| Substantial Completion of Document Production Deadline | None | June 5, 2015 |

| Item | TEVA'S PROPOSED DATES | DEFENDANTS' PROPOSED DATE |
|---|---|---|
| Each defendant shall produce to the plaintiffs its initial invalidity contentions for each asserted claim, as well as the related invalidating references (e.g., publications, manuals and patents) | June 12, 2015 | June 12, 2015 |
| Fact Discovery Completed | January 22, 2016 | August 3, 2015 |
| Exchange Proposed Terms for Claim Construction | June 26, 2015 | June 26, 2015 |
| Exchange Proposed Constructions | July 17, 2015 | July 17, 2015 |
| Meet and Confer regarding Claim Terms for Construction | July 24, 2015 | July 24, 2015 |
| File Final Joint Claim Construction Statement | August 14, 2015 | August 14, 2015 |
| File Opening Claim Construction Briefs | September 11, 2015 | September 11, 2015 |
| File Answering Claim Constructions Briefs | October 2, 2015 | October 2, 2015 |
| Joint Appendix of Intrinsic Evidence | October 2, 2015 | October 2, 2015 |
| *Markman* Hearing | October __, 2015 | October __, 2015 |
| Deadline to File Motions to Amend Pleadings | November 13, 2015 | November 13, 2015 |
| Opening Expert Reports | March 4, 2016 | September 25, 2015 |
| Rebuttal Expert Reports (including Plaintiffs' presentation of Objective Indicia of Nonobviousness) | April 8, 2016 | October 23, 2015 |
| Reply Expert reports (limited to Objective Indicia of Nonobviousness) | May 6, 2016 | November 19, 2015 |

| Item | TEVA'S PROPOSED DATES | DEFENDANTS' PROPOSED DATE |
|---|---|---|
| Expert Discovery Completed | June 30, 2016 | January 21, 2016 |
| Submission of Joint Pretrial Order | 30 days before Pre-Trial Conference | 30 days before Pre-Trial Conference |
| Pre-trial Conference | September __, 2016 (or at the convenience of the Court) | March 2016 (or at the convenience of the Court) |
| Trial | October __, 2016 (or at the convenience of the Court) | Mid-March to Mid-April 2016 (or at the convenience of the Court) |
| Post-Trial Briefs | 30 days following completion of trial | 30 days following completion of trial |
| Expiration of FDA Exclusivity | January 28, 2017 | N/A |
| Expiration of 30 Month Stay[4] | DRL:  Feb. 6, 2017 | DRL:  Feb. 6, 2017 |
| | Sandoz:  Feb. 28, 2017 | Sandoz:  Feb. 28, 2017 |
| | Mylan:  Feb. 28, 2017 | Mylan:  Feb. 28, 2017 |
| | Synthon:  Apr. 9, 2017 | Synthon:  Apr. 9, 2017 |
| | Amneal:  July 26, 2017 | Amneal:  July 26, 2017 |

---

[4] All parties reserve the right to challenge the availability or length of the 30-month stay under 21 U.S.C. §355(j)(5)(B)(iii) or otherwise.