IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TEVA PHARMACEUTICALS USA, INC., TEVA PHARMACEUTICAL INDUSTRIES LTD., TEVA NEUROSCIENCE, INC., and YEDA RESEARCH AND DEVELOPMENT CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> SANDOZ INC. and MOMENTA PHARMACEUTICALS, INC., <br><br> Defendants. | C.A. No. 14-1171-GMS <br> (CONSOLIDATED) |
| TEVA PHARMACEUTICALS USA, INC., TEVA PHARMACEUTICAL INDUSTRIES LTD., TEVA NEUROSCIENCE, INC., and YEDA RESEARCH AND DEVELOPMENT CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> MYLAN PHARMACEUTICALS INC., MYLAN INC. and NATCO PHARMA LTD., <br><br> Defendants. | C.A. No. 14-1278-GMS |

## ORDER

WHEREAS, on October 6, 2014, the plaintiffs (collectively, "Teva") filed this action against defendants Mylan Pharmaceuticals Inc., Mylan Inc. (collectively, "Mylan"), and Natco Pharma Ltd. ("Natco") (D.I. 1);[1]

WHEREAS, presently before the court is Natco's motion to dismiss the complaint. (D.I. 22.) Natco argues (1) that the court lacks personal jurisdiction over Natco; (2) that Teva fails to

---

[1] Citations to docket items refer to the originally filed member case: C.A. No. 14-1278-GMS.

state a claim with respect to Counts I and III; and (3) that the court lacks subject matter jurisdiction to adjudicate Counts II and IV (D.I. 23);

WHEREAS, in response, Teva argues that personal jurisdiction exists over Natco—an Indian company—pursuant to Federal Rule of Civil Procedure 4(k)(2). Rule 4(k)(2) states:

> *Federal Claim Outside State-Court Jurisdiction.* For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:
> (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and
> (B) exercising jurisdiction is consistent with the United States Constitution and laws.

Fed. R. Civ. P. 4(k)(2). In its reply, Natco repeatedly concedes that it would be subject to suit in the Northern District of West Virginia. (D.I. 35 at 2–3 ("[T]his patent infringement suit could be brought—indeed *has* been brought—by Teva against Natco[] in the . . . Northern District of West Virginia.").) The Court of Appeals for the Federal Circuit has explained:

> [T]he purposes of Rule 4(k)(2) are best achieved when the defendant is afforded the opportunity to avoid the application of the rule only *when it designates a suitable forum in which the plaintiff could have brought suit.* [The concern underlying Rule 4(k)(2) was] with defendants escaping jurisdiction in U.S. federal courts while still having minimum contacts with the United States.

*Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1415 (Fed. Cir. 2009) (emphasis added). Therefore, "[a] defendant who wants to preclude the use of Rule 4(k)(2) has only to name some other state in which the suit could proceed." *Id.* at 1414 (quoting *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 552 (7th Cir. 2001)).

WHEREAS, Natco has identified an alternative federal forum in which it would be subject to suit. Rule 4(k)(2) does not permit the court to exercise personal jurisdiction over Natco. Teva's alternative theory—arguing that the court may exercise specific jurisdiction by virtue of Natco's relationship to Mylan—is not supported by law. (D.I. 31 at 10.) Moreover, the

court is not convinced that jurisdictional discovery would yield information capable of affecting the jurisdictional outcome;

THEREFORE, IT IS HEREBY ORDERED THAT Natco's Motion to Dismiss the Complaint for Lack of Personal Jurisdiction (D.I. 22) is GRANTED.  The court declines to address the additional arguments raised in Natco's motion.

Dated: March 1̲2̲, 2015

_____
UNITED STATES DISTRICT JUDGE