IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
| IN RE COPAXONE 40 MG CONSOLIDATED | ) | C. A. No.:  14-1171-GMS |
| CASES | ) |  |
|  | ) | **(CONSOLIDATED)** |
|  | ) |  |
|  | ) |  |
|  | ) |  |

**SYNTHON DEFENDANTS' ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS TO PLAINTIFFS' FIRST
AMENDED COMPLAINT FILED IN CIVIL ACTION NO. 15-306-GMS**

Defendants, Synthon Pharmaceuticals, Inc., Synthon B.V., and Synthon s.r.o. (collectively, "Synthon Defendants"), hereby submit this Answer, Affirmative Defenses, and Counterclaims to the First Amended Complaint filed May 7, 2015 by Plaintiffs, Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Teva Neuroscience, Inc. and Yeda Research and Development Co., Ltd. (collectively "Plaintiffs" or "Teva") in Civil Action No. 15-306-GMS.  Pursuant to the Stipulation of Consolidation filed May 11, 2015, and the Court's Order of May 15, 2015 (C.A. No. 15-306-GMS, D.I. 7 & 9), this Answer is being filed in Civil Action No. 14-1171 by May 21, 2015.

The Complaint also names as defendants Doctor Reddy's Laboratories Ltd. ("DRL Ltd.") and Doctor Reddy's Laboratories, Inc. ("DRL Inc.") (collectively, "DRL"); Mylan Pharmaceuticals Inc. and Mylan Inc. (collectively "Mylan"); Sandoz, Inc. and Momenta Pharmaceuticals, Inc. (collectively "Sandoz"); and Amneal Pharmaceuticals LLC ("Amneal LLC"), and Amneal Pharmaceuticals Company ("Amneal GmbH") (collectively, "Amneal"). DRL, Mylan, Sandoz and Amneal are collectively referred to herein as "Other Defendants."

## GENERAL DENIAL

Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, Synthon Defendants deny all allegations in Plaintiffs' Complaint except those specifically admitted below.

## NATURE OF THE ACTION

1.    Synthon Defendants admit that Plaintiffs purport to state an action for infringement arising under the patent laws of the United States, Title 35, United States Code.  Synthon Pharmaceuticals, Inc. admits that it filed Abbreviated New Drug Application ("ANDA") 20-6873 seeking approval by the United States Food and Drug Administration ("FDA") to sell glatiramer acetate injection, 40 mg/mL strength, before the expiration of United States Patent No. 8,969,302 ("the '302 patent").  Synthon B.V. and Synthon s.r.o. deny that they filed an ANDA to sell glatiramer acetate injection, 40 mg/mL strength.  Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 as to the filing of Abbreviated New Drug Applications ("ANDAs") by the Other Defendants and, therefore, deny the same.  Except as expressly admitted herein, Synthon Defendants deny the allegations of paragraph 1.

## THE PARTIES

### Teva

2.    On information and belief, Synthon Defendants admit that Teva Pharmaceuticals USA, Inc. ("Teva USA") is a Delaware corporation with its principal place of business at 1090 Horsham Road, North Wales, Pennsylvania 19454-1090.

3.    On information and belief, Synthon Defendants admit that Teva Pharmaceutical Industries Ltd. ("Teva Ltd.") is an Israeli company with its principal place of business at 5 Basel Street, P.O. Box 3190, Petah Tikva, 49131, Israel.

01:17128076.1

2

4. On information and belief, Synthon Defendants admit that Teva Neuroscience, Inc. ("Teva Neuroscience"), is a Delaware corporation with its principal place of business at 901 E. 104th Street, Suite 900, Kansas City, Missouri 64131.

5. On information and belief, Synthon Defendants admit that Yeda Research and Development Co. Ltd. ("Yeda") is an Israeli company with its principal place of business at P.O. Box 95, Rehovot, 76100, Israel.

**DRL**

6. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and, therefore, deny the same.

7. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and, therefore, deny the same.

**Mylan**

8. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and, therefore, deny the same.

9. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and, therefore, deny the same.

10. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and, therefore, deny the same.

**Sandoz**

11. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and, therefore, deny the same.

12. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and, therefore, deny the same.

01:17128076.1

**Synthon**

13. Admitted.

14. Admitted.

15. Admitted.

16. Defendants admit that Synthon Pharmaceuticals, Inc. and Synthon s.r.o. are related companies, and that Synthon Holding B.V. is their ultimate parent company. Except as expressly admitted herein, the allegations of Paragraph 16 are denied.

**Amneal**

17. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and, therefore, deny the same.

18. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and, therefore, deny the same.

## JURISDICTION AND VENUE

**Subject Matter Jurisdiction**

19. Synthon Defendants admit that Plaintiffs purport to bring an action arising under the United States patent laws, 35 U.S.C. § 100 et seq., including 35 U.S.C. § 271(e)(2). Synthon Defendants deny that this action has any statutory basis other than 35 U.S.C. § 271(e)(2). Except as expressly admitted herein, the allegations of Paragraph 19 are denied.

20. Synthon Defendants admit that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and otherwise deny the allegations of Paragraph 20.

**Personal Jurisdiction Over DRL**

21. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and, therefore, deny the same.

22. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and, therefore, deny the same.

23. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and, therefore, deny the same.

24. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 and, therefore, deny the same.

25. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and, therefore, deny the same.

26. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and, therefore, deny the same.

27. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and, therefore, deny the same.

28. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 and, therefore, deny the same.

29. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 and, therefore, deny the same.

30. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and, therefore, deny the same.

31. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 and, therefore, deny the same.

32. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 and, therefore, deny the same.

01:17128076.1

33. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 and, therefore, deny the same.

34. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 and, therefore, deny the same.

35. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 and, therefore, deny the same.

36. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 and, therefore, deny the same.

37. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 and, therefore, deny the same.

38. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 and, therefore, deny the same.

39. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 and, therefore, deny the same.

40. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 and, therefore, deny the same.

41. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 and, therefore, deny the same.

42. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 and, therefore, deny the same.

43. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 and, therefore, deny the same.

44. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 and, therefore, deny the same.

45. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 and, therefore, deny the same.

46. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 and, therefore, deny the same.

47. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 and, therefore, deny the same.

48. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 and, therefore, deny the same.

49. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 and, therefore, deny the same.

50. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 and, therefore, deny the same.

51. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 and, therefore, deny the same.

52. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 and, therefore, deny the same.

**Personal Jurisdiction Over Mylan**

53. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 and, therefore, deny the same.

54. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 and, therefore, deny the same.

55. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 and, therefore, deny the same.

56. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 and, therefore, deny the same.

57. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 and, therefore, deny the same.

58. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 and, therefore, deny the same.

59. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 and, therefore, deny the same.

60. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 and, therefore, deny the same.

61. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 and, therefore, deny the same.

62. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 and, therefore, deny the same.

63. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 and, therefore, deny the same.

64. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 and, therefore, deny the same.

65. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65 and, therefore, deny the same.

01:17128076.1

66. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 and, therefore, deny the same.

67. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 and, therefore, deny the same.

68. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 and, therefore, deny the same.

69. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 and, therefore, deny the same.

70. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 and, therefore, deny the same.

71. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 and, therefore, deny the same.

72. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72 and, therefore, deny the same.

73. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 and, therefore, deny the same.

74. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74 and, therefore, deny the same.

75. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75 and, therefore, deny the same.

76. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76 and, therefore, deny the same.

77. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 and, therefore, deny the same.

78. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78 and, therefore, deny the same.

79. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79 and, therefore, deny the same.

80. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80 and, therefore, deny the same.

81. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81 and, therefore, deny the same.

82. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82 and, therefore, deny the same.

83. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83 and, therefore, deny the same.

84. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84 and, therefore, deny the same.

85. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85 and, therefore, deny the same.

86. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 86 and, therefore, deny the same.

**Personal Jurisdiction Over Sandoz**

87. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 87 and, therefore, deny the same.

01:17128076.1

10

88. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 88 and, therefore, deny the same

89. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89 and, therefore, deny the same.

90. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 90 and, therefore, deny the same.

91. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91 and, therefore, deny the same.

92. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 92 and, therefore, deny the same.

93. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 93 and, therefore, deny the same.

94. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 94 and, therefore, deny the same.

95. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 95 and, therefore, deny the same.

96. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 96 and, therefore, deny the same.

97. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 97 and, therefore, deny the same.

98. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 98 and, therefore, deny the same.

99. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 99 and, therefore, deny the same.

100. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 100 and, therefore, deny the same.

101. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 101 and, therefore, deny the same.

102. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 102 and, therefore, deny the same.

103. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 103 and, therefore, deny the same.

104. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 104 and, therefore, deny the same.

105. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 105 and, therefore, deny the same.

106. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 106 and, therefore, deny the same.

107. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 107 and, therefore, deny the same.

108. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 108 and, therefore, deny the same.

109. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 109 and, therefore, deny the same.

110.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 110 and, therefore, deny the same.

111.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 111 and, therefore, deny the same.

112.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 112 and, therefore, deny the same.

113.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 113 and, therefore, deny the same.

114.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 114 and, therefore, deny the same.

115.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 115 and, therefore, deny the same.

**Personal Jurisdiction Over Synthon**

116.    Synthon Pharmaceuticals, Inc. does not contest personal jurisdiction for purposes of this action only, and expressly reserves the right to contest personal jurisdiction in any other case as to any party, including Plaintiffs.  Except as expressly admitted herein, the allegations of Paragraph 116 are denied.

117.    Synthon Pharmaceuticals, Inc. does not contest personal jurisdiction for purposes of this action only, and expressly reserves the right to contest personal jurisdiction in any other case as to any party, including Plaintiffs. Except as expressly admitted herein, the allegations of Paragraph 117 are denied.

118.    Synthon Defendants deny the allegations of Paragraph 118.

119.    Synthon Defendants deny the allegations of Paragraph 119.

01:17128076.1

13

120.    Synthon Defendants deny the allegations of Paragraph 120.

121.    Synthon Defendants deny the allegations of Paragraph 121.

122.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiffs manufacture COPAXONE® for sale and use throughout the United States, including the State of Delaware and, on that basis, deny that allegation.  Synthon Defendants deny all other allegations of paragraph 122.

123.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 123 and, therefore, deny the same.

124.    Synthon Pharmaceuticals, Inc. admits that it filed ANDA 20-6873 seeking approval by the United States Food and Drug Administration ("FDA") to sell glatiramer acetate injection, 40 mg/mL strength, in the United States. Except as expressly admitted herein, the allegations of Paragraph 124 are denied.

125.    Synthon Defendants deny the allegations of Paragraph 125.

126.    Synthon Defendants deny the allegations of Paragraph 126.

127.    Synthon Defendants admit that in a letter dated October 8, 2014, Synthon Pharmaceuticals, Inc. notified Plaintiffs that it had filed ANDA 20-6873, seeking to obtain approval by the FDA to market glatiramer acetate injection, 40 mg/mL strength ("Synthon Pharmaceutical Inc.'s First Notice Letter"). Except as expressly admitted herein, the allegations of Paragraph 127 are denied.

128.    Synthon Pharmaceuticals, Inc. does not contest personal jurisdiction for purposes of this action only, and expressly reserves the right to contest personal jurisdiction in any other case as to any party, including Plaintiffs. Except as expressly admitted herein, the allegations of Paragraph 128 are denied.

129.    Synthon B.V does not contest personal jurisdiction for purposes of this action only, and expressly reserves the right to contest personal jurisdiction in any other case as to any party, including Plaintiffs. Except as expressly admitted herein, the allegations of Paragraph 129 are denied.

130.    The allegations in Paragraph 130 are vague and ambiguous and, consequently, Synthon Defendants are unable to admit or deny.  Synthon Defendants admit that Synthon B.V. developed the product that is the subject of ANDA 20-6873 and that Synthon Pharmaceuticals, Inc. compiled and filed that ANDA based on information provided by Synthon B.V.  Except as expressly admitted herein, the allegations of Paragraph 130 are denied.

131.    The allegations in Paragraph 131 are vague and ambiguous and, consequently, Synthon Defendants are unable to admit or deny. Synthon Defendants admit that Synthon B.V. developed the product that is the subject of ANDA 20-6873 and that Synthon Pharmaceuticals, Inc. compiled and filed that ANDA based on information provided by Synthon B.V. Except as expressly admitted herein, the allegations of Paragraph 131 are denied.

132.    Synthon Defendants deny the allegations of Paragraph 132.

133.    Synthon Defendants deny the allegations of Paragraph 133.

134.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiffs manufacture COPAXONE® for sale and use throughout the United States, including the State of Delaware and, on that basis, deny that allegation.  Synthon Defendants deny all other allegations of paragraph 134.

135.    The allegations in Paragraph 135 are vague and ambiguous and, consequently, Synthon Defendants are unable to admit or deny.  Synthon Defendants state that Synthon B.V. developed the product that is the subject of ANDA 20-6873 and that Synthon Pharmaceuticals,

Inc. compiled and filed that ANDA based on information provided by Synthon B.V. Except as expressly admitted herein, the allegations of Paragraph 135 are denied.

136. Synthon Defendants admit that Synthon Pharmaceuticals, Inc. sent Synthon Pharmaceutical Inc.'s First Notice Letter to Teva based on information provided by Synthon B.V. Except as expressly admitted herein, the allegations of Paragraph 136 are denied.

137. Synthon Defendants deny the allegations of Paragraph 137.

138. Synthon Defendants deny the allegations of Paragraph 138.

139. Synthon Defendants deny the allegations of Paragraph 139.

140. Synthon B.V does not contest personal jurisdiction for purposes of this action only and expressly reserves the right to contest personal jurisdiction in any other case as to any party, including Plaintiffs. Except as expressly admitted herein, the allegations of Paragraph 140 are denied.

141. Synthon s.r.o. does not contest personal jurisdiction for purposes of this action only and expressly reserves the right to contest personal jurisdiction in any other case as to any party, including Plaintiffs. Except as expressly admitted herein, the allegations of Paragraph 141 are denied.

142. The allegations in Paragraph 141 are vague and ambiguous and, consequently, Synthon Defendants are unable to admit or deny. Synthon Defendants admit that Synthon s.r.o. provided information that is included in ANDA 20-6873. Except as expressly admitted herein, the allegations of Paragraph 142 are denied.

143. The allegations in Paragraph 143 are vague and ambiguous and, consequently, Defendants are unable to admit or deny. Synthon Defendants admit that Synthon s.r.o. provided

01:17128076.1

information that is included in ANDA 20-6873. Except as expressly admitted herein, the allegations of Paragraph 143 are denied.

144. Synthon Defendants deny the allegations of Paragraph 144.

145. Synthon Defendants deny the allegations of Paragraph 145.

146. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiffs manufacture COPAXONE® for sale and use throughout the United States, including the State of Delaware and, on that basis, deny that allegation. Synthon Defendants deny all other allegations of paragraph 146.

147. The allegations in Paragraph 146 are vague and ambiguous and, consequently, Synthon Defendants are unable to admit or deny. Synthon s.r.o. provided information that is included in ANDA 20-6873. Except as expressly admitted herein, the allegations of Paragraph 147 are denied.

148. Synthon Defendants deny the allegations of Paragraph 148.

149. Synthon Defendants deny the allegations of Paragraph 149.

150. Synthon Defendants deny the allegations of Paragraph 150.

151. Synthon Defendants deny the allegations of Paragraph 151.

152. Synthon s.r.o. does not contest personal jurisdiction for purposes of this action only and expressly reserves the right to contest personal jurisdiction in any other case as to any party, including Plaintiffs. Except as expressly admitted herein, the allegations of Paragraph 152 are denied.

153. Synthon Defendants deny the allegations of Paragraph 153.

154. Synthon Defendants deny the allegations of Paragraph 154.

**Personal Jurisdiction Over Amneal**

155.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 155 and, therefore, deny the same.

156.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 156 and, therefore, deny the same.

157.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 157 and, therefore, deny the same.

158.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 158 and, therefore, deny the same.

159.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 159 and, therefore, deny the same.

160.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 160 and, therefore, deny the same.

161.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 161 and, therefore, deny the same.

162.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 162 and, therefore, deny the same.

163.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 163 and, therefore, deny the same.

164.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 164 and, therefore, deny the same.

165.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 165 and, therefore, deny the same.

166.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 166 and, therefore, deny the same.

167.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 167 and, therefore, deny the same.

168.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 168 and, therefore, deny the same.

169.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 169 and, therefore, deny the same.

170.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 170 and, therefore, deny the same.

171.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 171 and, therefore, deny the same.

172.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 172 and, therefore, deny the same.

173.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 173 and, therefore, deny the same.

174.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 174 and, therefore, deny the same.

175.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 175 and, therefore, deny the same.

176.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 176 and, therefore, deny the same.

## Venue

177.    Synthon Defendants deny that venue is proper for any Synthon Defendant, but do not contest venue for purposes of this action only. Except as expressly admitted herein, the allegations of Paragraph 177 are denied.

## BACKGROUND

### The '302 Patent

178.    Synthon Defendants admit that the '302 patent is entitled "Low Frequency Glatiramer Acetate Therapy" and, on its face, has an issue date of March 3, 2015. Except as expressly admitted herein, the allegations of Paragraph 178 are denied.

179.    Synthon Defendants admit that the '302 patent lists on its face Ety Klinger as the named inventor. Except as expressly admitted herein, the allegations of Paragraph 179 are denied.

180.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 180 and, therefore, deny the same.

181.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 181 and, therefore, deny the same.

182.    Defendants admit that the current edition of the publication *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book") lists the '302 patent as associated with New Drug Application 02-0622, which is associated with COPAXONE®. Except as expressly admitted herein, the allegations of Paragraph 182 are denied.

183.    Synthon Defendants admit that Plaintiffs purport to attach to the Complaint as Exhibit A a copy of the '302 patent.  Except as expressly admitted herein, the allegations of Paragraph 183 are denied.

01:17128076.1

20

**Teva's COPAXONE® 40 mg/mL, Product**

184.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 184 and, therefore, deny the same.

185.    Synthon Defendants admit that Teva USA is the listed applicant of NDA 20-622.  Synthon Defendants admit that glatiramer acetate is marketed as COPAXONE®.  Synthon Defendants admit that glatiramer acetate is FDA-approved and that its product label states that "COPAXONE is indicated for the treatment of patients with relapsing forms of multiple sclerosis."  Synthon Defendants admit that the COPAXONE® product label, as revised 01/2014, states a recommended dosage of "COPAXONE 40 mg per mL: administer three times per week and at least 48 hours apart."  Except as expressly admitted herein, the allegations of Paragraph 185 are denied.

186.    Synthon Defendants admit that the COPAXONE® product label, as revised 01/2014, includes a dosage form described as "Injection: COPAXONE 40 mg per mL in a single-dose, pre-filled syringe with a blue plunger.  For subcutaneous use only."  Synthon Defendants deny that the COPAXONE® 40mg/mL product is "innovative."  Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 186 and, therefore, deny the same.

**The DRL ANDA and Related Ongoing Litigation**

187.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 187 and, therefore, deny the same.

188.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 188 and, therefore, deny the same.

01:17128076.1

21

189. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 189 and, therefore, deny the same.

190. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 190 and, therefore, deny the same.

191. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 191 and, therefore, deny the same.

192. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 192 and, therefore, deny the same.

193. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 193 and, therefore, deny the same.

194. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 194 and, therefore, deny the same.

**The Mylan ANDA and Related Ongoing Litigation**

195. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 195 and, therefore, deny the same.

196. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 196 and, therefore, deny the same.

197. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 197 and, therefore, deny the same.

198. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 198 and, therefore, deny the same.

199. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 199 and, therefore, deny the same.

200. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 200 and, therefore, deny the same.

201. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 201 and, therefore, deny the same.

202. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 202 and, therefore, deny the same.

**The Sandoz ANDA and Related Ongoing Litigation**

203. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 203 and, therefore, deny the same.

204. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 204 and, therefore, deny the same.

205. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 205 and, therefore, deny the same.

206. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 206 and, therefore, deny the same.

207. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 207 and, therefore, deny the same.

208. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 208 and, therefore, deny the same.

209. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 209 and, therefore, deny the same.

210. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 210 and, therefore, deny the same.

**The Synthon ANDA and Related Ongoing Litigation**

211.    Synthon Defendants admit that Synthon Pharmaceuticals, Inc. filed ANDA 20-6873 under 21 U.S.C. § 355(j) seeking FDA approval to manufacture and sell glatiramer acetate injection, 40 mg/mL strength, before the expiration of the '250 and '413 patents.  Synthon B.V. and Synthon s.r.o. deny that they filed an ANDA to sell glatiramer acetate injection, 40 mg/mL strength. Except as expressly admitted herein, the allegations of Paragraph 211 are denied.

212.    Synthon Defendants admit that 20-6873 is the assigned number for Synthon Pharmaceuticals, Inc.'s ANDA.  Except as expressly admitted herein, the allegations of Paragraph 212 are denied.

213.    Synthon Defendants admit that ANDA 20-6873 contains certifications under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that the '250 and '413 patents are "invalid, unenforceable, or will not be infringed by the manufacture, use, importation, sale or offer for sale of Glatiramer Acetate Injection, 40 mg/mL, for which this application is being submitted."  Except as expressly admitted herein, the allegations of Paragraph 213 are denied.

214.    Synthon Defendants admit that in a letter dated October 8, 2014, Synthon Pharmaceuticals, Inc. notified Plaintiffs that it had filed ANDA 20-6873, seeking approval to market glatiramer acetate injection, 40 mg/mL strength, prior to the expiration of the '250 and '413 patents. Except as expressly admitted herein, the allegations of Paragraph 214 are denied.

215.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 215 and, therefore, deny the same.

216.    Synthon Defendants admit that ANDA 20-6873, as amended, contains a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that the '302 patent is "invalid, unenforceable, or will not be infringed by the manufacture, use, importation, sale or offer for sale

01:17128076.1

24

of Glatiramer Acetate Injection, 40 mg/mL, for which this application is being submitted." Synthon Defendants admit that, by letter dated March 27, 2015, Synthon Pharmaceuticals, Inc. notified Teva that it had filed an amendment to ANDA No. 206873 with a Paragraph IV certification related thereto seeking approval to market glatiramer acetate injection, 40 mg/mL strength prior to the expiration of the '302 patent. Except as expressly admitted herein, the allegations of Paragraph 216 are denied.

217.    Synthon Defendants admit that, on November 18, 2014, Plaintiffs sued Synthon Defendants in this Court for patent infringement related to ANDA No. 206873. *See Teva Pharms. USA, Inc., et al. v. Synthon Pharms. Inc., et al,* C.A. No. 14-1419-GMS (D. Del.). Synthon Defendants admit that action was commenced before the expiration of forty-five days from the date of receipt of Synthon Pharmaceutical Inc.'s First Notice Letter. Except as expressly admitted herein, the allegations of Paragraph 217 are denied.

218.    Synthon Defendants admit that Synthon B.V. and Synthon s.r.o. provided information that is included in ANDA No. 20-6873 and that Synthon Pharmaceuticals, Inc. compiled and filed ANDA 20-6873. Except as expressly admitted herein, the allegations of Paragraph 218 are denied.

**The Amneal ANDA and Related Ongoing Litigation**

219.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 219 and, therefore, deny the same.

220.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 220 and, therefore, deny the same.

221.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 221 and, therefore, deny the same.

222.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 222 and, therefore, deny the same.

223.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 223 and, therefore, deny the same.

224.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 224 and, therefore, deny the same.

225.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 225 and, therefore, deny the same.

226.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 226 and, therefore, deny the same.

227.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 227 and, therefore, deny the same.

228.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 228 and, therefore, deny the same.

### COUNT I FOR INFRINGEMENT OF U.S. PATENT NO. 8,969,302 BY DRL

229.    Synthon Defendants incorporate by reference its responses to the allegations of paragraphs 1-229 as if fully set forth herein.

230.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 230 and, therefore, deny the same.

231.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 231 and, therefore, deny the same.

232.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 232 and, therefore, deny the same.

01:17128076.1

233.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 233 and, therefore, deny the same.

234.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 234 and, therefore, deny the same.

235.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 235 and, therefore, deny the same.

236.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 236 and, therefore, deny the same.

237.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 237 and, therefore, deny the same.

238.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 238 and, therefore, deny the same.

239.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 239 and, therefore, deny the same.

240.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 240 and, therefore, deny the same.

241.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 241 and, therefore, deny the same.

242.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 242 and, therefore, deny the same.

243.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 243 and, therefore, deny the same.

## COUNT II FOR DECLARATORY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 8,969,302 BY DRL

244.    Synthon Defendants incorporate by reference its responses to the allegations of paragraphs 1-243 as if fully set forth herein.

245.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 245 and, therefore, deny the same.

246.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 246 and, therefore, deny the same.

247.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 247 and, therefore, deny the same.

248.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 248 and, therefore, deny the same.

249.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 249 and, therefore, deny the same.

250.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 250 and, therefore, deny the same.

## COUNT III FOR INFRINGEMENT OF U.S. PATENT NO. 8,969,302 BY MYLAN

251.    Synthon Defendants incorporate by reference its responses to the allegations of paragraphs 1-250 as if fully set forth herein.

252.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 252 and, therefore, deny the same.

253.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 253 and, therefore, deny the same.

01:17128076.1

28

254. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 254 and, therefore, deny the same.

255. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 255 and, therefore, deny the same.

256. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 256 and, therefore, deny the same.

257. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 257 and, therefore, deny the same.

258. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 258 and, therefore, deny the same.

259. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 259 and, therefore, deny the same.

260. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 260 and, therefore, deny the same.

261. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 261 and, therefore, deny the same.

262. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 262 and, therefore, deny the same.

263. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 263 and, therefore, deny the same.

264. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 264 and, therefore, deny the same.

265.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 265 and, therefore, deny the same.

## COUNT IV FOR DECLARATORY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 8,969,302 BY MYLAN

266.    Synthon Defendants incorporate by reference their responses to the allegations of paragraphs 1-265 as if fully set forth herein.

267.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 267 and, therefore, deny the same.

268.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 268 and, therefore, deny the same.

269.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 269 and, therefore, deny the same.

270.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 270 and, therefore, deny the same.

271.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 271 and, therefore, deny the same.

272.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 272 and, therefore, deny the same.

## COUNT V FOR INFRINGEMENT OF U.S. PATENT NO. 8,969,302 BY SANDOZ

273.    Synthon Defendants incorporate by reference their responses to the allegations of paragraphs 1-272 as if fully set forth herein.

274.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 274 and, therefore, deny the same.

01:17128076.1

30

275. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 275 and, therefore, deny the same.

276. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 276 and, therefore, deny the same.

277. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 277 and, therefore, deny the same.

278. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 278 and, therefore, deny the same.

279. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 279 and, therefore, deny the same.

280. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 280 and, therefore, deny the same.

281. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 281 and, therefore, deny the same.

282. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 282 and, therefore, deny the same.

283. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 283 and, therefore, deny the same.

284. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 284 and, therefore, deny the same.

285. Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 285 and, therefore, deny the same.

286.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 286 and, therefore, deny the same.

287.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 287 and, therefore, deny the same.

## COUNT VI FOR DECLARATORY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 8,969,302 BY SANDOZ

288.    Synthon Defendants incorporate by reference their responses to the allegations of paragraphs 1-287 as if fully set forth herein.

289.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 289 and, therefore, deny the same.

290.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 290 and, therefore, deny the same.

291.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 291 and, therefore, deny the same.

292.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 292 and, therefore, deny the same.

293.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 293 and, therefore, deny the same.

294.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 294 and, therefore, deny the same.

## COUNT VII FOR INFRINGEMENT OF U.S. PATENT NO. 8,969302 BY SYNTHON

295.    Synthon Defendants incorporate by reference their responses to the allegations of paragraphs 1-294 as if fully set forth herein.

296.    Synthon Defendants admit the allegations of Paragraph 296.

297.    Synthon Defendants deny the allegations of Paragraph 297.

298.    Synthon Defendants deny the allegations of Paragraph 298.

299.    Synthon Defendants deny the allegations of Paragraph 299.

300.    Synthon Defendants admit that Synthon Pharmaceuticals, Inc. seeks FDA approval of ANDA 20-6873 for the indications described therein. Except as expressly admitted herein, the allegations of Paragraph 300 are denied.

301.    Synthon Defendants deny the allegations of Paragraph 301.

302.    Synthon Defendants deny the allegations of Paragraph 302.

303.    Synthon Defendants deny the allegations of Paragraph 303.

304.    Synthon Defendants deny the allegations of Paragraph 304.

305.    Synthon Defendants deny the allegations of Paragraph 305.

306.    Synthon Defendants deny the allegations of Paragraph 306.

307.    Synthon Defendants deny the allegations of Paragraph 307.

308.    Synthon Defendants deny the allegations of Paragraph 308.

309.    Synthon Defendants deny the allegations of Paragraph 309.

**COUNT VIII FOR DECLARATORY JUDGMENT OF
INFRINGMENT OF U.S. PATENT NO. 8,969,302 BY SYNTHON**

310.    Synthon Defendants incorporate by reference their responses to the allegations of paragraphs 1-309 as if fully set forth herein.

311.    Synthon Defendants deny the allegations of Paragraph 311.

312.    Synthon Defendants deny the allegations of Paragraph 312.

313.    Synthon Defendants deny the allegations of Paragraph 313.

314.    Synthon Defendants deny the allegations of Paragraph 314.

315.    Synthon Defendants deny the allegations of Paragraph 315.

01:17128076.1

316.    Synthon Defendants deny the allegations of Paragraph 316.

**COUNT IX FOR INFRINGEMENT OF U.S. PATENT NO. 8,969,302 BY AMNEAL**

317.    Synthon Defendants incorporate by reference their responses to the allegations of paragraphs 1-316 as if fully set forth herein.

318.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 318 and, therefore, deny the same.

319.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 319 and, therefore, deny the same.

320.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 320 and, therefore, deny the same.

321.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 321 and, therefore, deny the same.

322.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 322 and, therefore, deny the same.

323.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 323 and, therefore, deny the same.

324.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 324 and, therefore, deny the same.

325.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 325 and, therefore, deny the same.

326.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 326 and, therefore, deny the same.

327.   Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 327 and, therefore, deny the same.

328.   Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 328 and, therefore, deny the same.

329.   Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 329 and, therefore, deny the same.

330.   Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 330 and, therefore, deny the same.

331.   Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 331 and, therefore, deny the same.

## COUNT X FOR DECLARATORY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 8,969,302 BY AMNEAL

332.   Synthon Defendants incorporate by reference their responses to the allegations of paragraphs 1-331 as if fully set forth herein.

333.   Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 333 and, therefore, deny the same.

334.   Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 334 and, therefore, deny the same.

335.   Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 335 and, therefore, deny the same.

336.   Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 336 and, therefore, deny the same.

337.   Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 337 and, therefore, deny the same.

338.    Synthon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 338 and, therefore, deny the same.

## PRAYER FOR RELIEF

Synthon Defendants deny that Plaintiffs are entitled to any of the relief requested in their Prayer for Relief.

## SYNTHON DEFENDANTS' AFFIRMATIVE DEFENSES

### SYNTHON DEFENDANTS' FIRST AFFIRMATIVE DEFENSE
### (Noninfringement of the '302 patent)

1.    None of the Synthon Defendants have infringed any valid and enforceable claim of the '302 patent directly or indirectly, either literally or by the doctrine of equivalents.

### SYNTHON DEFENDANTS' SECOND AFFIRMATIVE DEFENSE
### (Invalidity of the '302 patent)

2.    The '302 patent and each of the claims thereof are invalid for failure to comply with one or more of the conditions for patentability set forth in one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidity.

### SYNTHON DEFENDANTS' THIRD AFFIRMATIVE DEFENSE
### (35 U.S.C. § 288)

3.    Plaintiffs are barred by 35 U.S.C. § 288 from recovering costs associated with this suit.

### SYNTHON DEFENDANTS' FOURTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

4.    The Complaint fails to state a claim upon which relief can be granted.

### SYNTHON DEFENDANTS' FIFTH AFFIRMATIVE DEFENSE
### (Lack of Declaratory Judgment Jurisdiction)

5.    To the extent that Plaintiffs base a cause of action on the Declaratory Judgment Act seeking a declaratory judgment of alleged future infringement, Defendants assert that a

01:17128076.1

36

justiciable controversy does not exist and that no legal basis exists for such cause of action.

## SYNTHON DEFENDANTS' SIXTH AFFIRMATIVE DEFENSE
### (Statutory Scope of Relief)

6.      The Complaint seeks relief beyond that authorized by 35 U.S.C. § 271(e)(4).

## SYNTHON DEFENDANTS' SEVENTH AFFIRMATIVE DEFENSE
### (Statutory Safe Harbor)

7.      Synthon Defendants' activities are protected by the safe harbor of 35 U.S.C. § 271(e)(1).

## SYNTHON DEFENDANTS' EIGHTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

8.      Synthon Defendants assert the above defenses without the benefit of full discovery and investigation, and reserve the right to supplement or amend these affirmative defenses as necessary.

## SYNTHON DEFENDANTS' COUNTERCLAIMS

Defendants, Synthon Pharmaceuticals, Inc., Synthon B.V., and Synthon s.r.o. (collectively, "Synthon Defendants"), hereby allege the following Counterclaims against Plaintiffs, Teva Pharmaceuticals USA, Inc.; Teva Pharmaceutical Industries Ltd.; Teva Neuroscience, Inc.; and Yeda Research and Development Co., Ltd. (collectively, "Plaintiffs"):

1.      Synthon Defendants repeat and incorporate by reference each of the foregoing Paragraphs of Synthon Defendants' Answer and Affirmative Defenses to Plaintiffs' Complaint.

### The Parties

2.      Synthon Pharmaceuticals, Inc. is a corporation organized under the laws of the State of North Carolina. Synthon Pharmaceuticals, Inc.'s principal place of business is located at 1007 Slater Road, Suite 150, Durham, NC 27703.

3.      Synthon B.V. is a Dutch corporation. Its principal place of business is located at

01:17128076.1

37

Microweg 22, P.O. Box 7071, 6503 CM Nijmegen, The Netherlands.

4.    Synthon s.r.o. is Czech corporation. Its principal place of business is located at Brnenska 32/cp. 597, 678 17 Blansko, Czech Republic.

5.    On information and belief, and based on the allegations in the Complaint, Teva Pharmaceutical Industries Ltd. ("Teva Ltd.") is an Israeli company with a principal place of principal place of business at 5 Basel Street, P.O. Box 3190, Petah Tikva, 49131, Israel.

6.    On information and belief, Teva Pharmaceuticals USA, Inc. ("Teva USA") is a Delaware corporation with its principal place of business at 1090 Horsham Road, North Wales, Pennsylvania 19454-1090. On information and belief, Teva USA is an indirect wholly-owned subsidiary controlled by Teva Ltd.

7.    On information and belief, Teva Neuroscience, Inc. ("Teva Neuroscience") is a Delaware corporation with its principal place of business at 901 E. 104th Street, Suite 900, Kansas City, Missouri 64131. On information and belief, Teva Neuroscience is an indirect wholly-owned subsidiary controlled by Teva Ltd.

8.    On information and belief, and based on the allegations in the Complaint, Yeda Research and Development Co., Ltd. ("Yeda") is an Israeli company with its principal place of business at P.O. Box 95, Rehovot, 76100, Israel.

**Jurisdiction**

9.    Synthon Defendants' noninfringement, invalidity and inequitable conduct counterclaims arise under the patents laws of the United States, 35 U.S.C. § 100 et seq. This Court has subject matter jurisdiction over these counterclaims under 28 U.S.C. §§ 1331 and 1338, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

10.   This Court has personal jurisdiction over each of Teva Pharmaceuticals USA, Inc.;

01:17128076.1

Teva Pharmaceutical Industries Ltd.; Teva Neuroscience, Inc.; and Yeda Research and Development Co., Ltd. because they have subjected themselves to the jurisdiction of this Court by filing the Complaint and by filing a complaint in related actions, including *Teva Pharms. USA, Inc., et al. v. Synthon Pharms., Inc., et al.*, C.A. No. 14-1419-GMS (D. Del.); *Teva Pharmaceuticals USA Inc. v. Sandoz Inc.*, C.A. No. 1:14-cv-01171- GMS (D. Del.), *Teva Pharmaceuticals USA Inc. v. Dr. Reddy's Laboratories Ltd.*, C.A. No. 1:14-cv-01172- GMS (D. Del.), and *Teva Pharmaceuticals USA Inc. v. Mylan Pharmaceuticals Inc.* C.A. No. 1:14-cv-01278-GMS (D. Del.) which concern patents related to the '302 patent (the '250 and '413 patents).

11.    Venue as to these Counterclaims is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

**FACTUAL BACKGROUND**

### Development of Copaxone

12.    Glatiramer acetate (formerly known as Copolymer 1) is the active ingredient in Copaxone®, a multiple sclerosis drug manufactured and marketed by Plaintiffs.

13.    Copolymer 1 was first developed in 1967, more than 40 years before the patents at issue were filed.

14.    Copolymer-1 was the subject of U.S. Patent Application No. 240,244, filed on March 31, 1972, which claimed priority to Israeli Patent Application No. 36,670, filed on April 21, 1971. The '244 application issued as U.S. Patent No. 3,849,550 ("the '550 patent") on November 19, 1974.

15.    The '550 patent claims are directed to the type of copolymer-1 that was used in the first human clinical studies.

01:17128076.1

39

16.     The '550 patent expired on November 19, 1991.

17.     On May 24, 1994, Plaintiffs' employees, through Plaintiffs' outside counsel, filed U.S. Patent Application No. 08/248,037 ("the '037 application"). The invention described in the '037 application is a purportedly different, improved copolymer-1 with a lower average molecular weight. At least nine patents were granted based on the '037 application.

18.     U.S. Patent Nos. 7,199,098 (the "'098 patent"), 6,939,539 (the "'539 patent"), 6,054,430 (the "'430 patent"), 6,620,847 (the "'847 patent"), 5,981,589 (the "'589 patent"), 6,342,476 (the "'476 patent"), 6,362,161 (the "'161 patent"), 5,800,808 (the "'808 patent") and 6,048,898 (the "'898 patent) claim priority to the '037 application.

19.     Plaintiffs filed NDA 02-0622 in 1995 to obtain approval to market a 20 mg/mL copolymer-1 daily injectable product and received approval in 1996.

20.     Plaintiffs began marketing copolymer-1 under the trademark "Copaxone" as a 20 mg/mL daily injectable product in the United States in 1997.

21.     Plaintiffs did not inform the FDA when its NDA 02-0622 for Copaxone 20 mg/mL was pending that two different types of copolymer-1 existed or that two different types were used in the clinical trials submitted to support approval of that NDA.

22.     Eight patents that issued based on the '037 application were listed by Plaintiffs in the Orange Book for NDA 02-0622 as purportedly covering its glatiramer acetate 20 mg/mL daily injectable product.

23.     The '098, '539, '430, '847, '589, '476, and '161 patents were listed by Plaintiffs in the Orange Book for NDA 02-0622 as purportedly covering their glatiramer acetate 20 mg/mL daily injectable product.

24.     All of the patents that were listed in the Orange Book for the glatiramer acetate 20

01:17128076.1

mg/mL daily injectable product were either found invalid during litigation or expired on May 24, 2014.

25. Prior to February 11, 2009 and continuing until their expiration or invalidation, the '098, '539, '430, '847, '589, '476, and '161 patents were listed in the Orange Book for NDA 02-0622 as purportedly covering Plaintiffs' glatiramer acetate 20 mg/mL daily injectable product

26. Another patent that issued from the '037 patent application is U.S. Patent No. 5,800,808 ("the '808 patent"), which purports to cover a method for manufacturing copolymer 1. The '808 patent will expire on September 1, 2015. Plaintiffs have asserted that patent in litigation against other companies seeking to market glatiramer acetate injectable products. The U.S. Court of Appeals for the Federal Circuit held the '808 patent to be invalid under 35 U.S.C. § 112. That decision has been vacated and remanded by the United States Supreme Court.

27. All of the patents purportedly covering Plaintiffs' Copaxone 20 mg/mL daily injectable product either expired in May 2014 or were otherwise invalidated in court proceedings.

28. The '302 patent identifies Yeda as the assignee. On information and belief, and as alleged in the Complaint, Yeda purports to own all rights, title, and interest in the '302 patent, and Teva Ltd. purports to be the exclusive licensee of the '302 patent. A copy of the '302 patent is attached hereto as Exhibit A.

29. On information and belief, Yeda granted an exclusive license to the '302 patent to Teva Ltd.

30. Teva USA filed a supplemental NDA 02-622 for a glatiramer acetate 40 mg/mL thrice-weekly injectable product. That supplemental NDA was granted by FDA.

31. On information and belief, Teva USA listed, or caused to be listed, the '302 patent in

the Orange Book in connection with the Copaxone glatiramer acetate 40 mg/mL thrice-weekly injectable product.

32.    Claim 1 of the '302 patent requires, among other things, a pharmaceutical composition comprising glatiramer acetate at a concentration of 40 mg/mL.

33.    Claim 1 of the '302 patent is not limited to administering a dosage of 40 mg glatiramer acetate.

34.    Claim 1 of the '302 patent is not limited to administering a 1 mL volume of glatiramer acetate.

35.    Prior to August 20, 2008, Plaintiffs' Copaxone® 20 mg/mL daily injectable product was marketed for use by a human patient suffering from relapsing-remitting multiple sclerosis.

36.    Prior to August 20, 2008, Plaintiffs sold in the United States a Copaxone® 20 mg/mL daily injectable product that contained mannitol.

37.    Prior to August 20, 2008, Plaintiffs sold in the United States a Copaxone® 20 mg/mL daily injectable product that had a pH in the range of approximately 5.5 to 7.0.

38.    Prior to August 20, 2008, Plaintiffs sold in the United States a Copaxone® 20 mg/mL daily injectable product in a prefilled syringe for self administration by a human patient.

39.    Prior to August 20, 2008, Plaintiffs' Copaxone® 20 mg/mL daily injectable product was sold in a prefilled syringe containing 1 mL of solution.

40.    Plaintiffs' Copaxone® 20 mg/mL daily injectable product sold in the United States prior to August 20, 2008 contained the same glatiramer acetate active pharmaceutical ingredient that is used in Plaintiffs' Copaxone® 40 mg/mL thrice-weekly injectable product.

**Synthon Pharmaceuticals, Inc.'s ANDA product**

41.    Synthon Pharmaceuticals, Inc. submitted ANDA 20-6873 to the FDA seeking

01:17128076.1

42

approval to manufacture and sell glatiramer acetate injection, 40 mg/ml strength.

42.     ANDA 20-6873 included Paragraph IV Certifications stating that the '250 patent and the '413 patent are "invalid, unenforceable, or not infringed by the manufacture, use, or sale of sell glatiramer acetate injection, 40 mg/ml strength, for which the application is being submitted."

43.     Synthon Pharmaceuticals, Inc. provided Plaintiffs with a Notice of Certification under 21 U.S.C. § 355(j)(2)(B) indicating that Synthon Pharmaceuticals, Inc. had submitted ANDA 20-6873 and providing a detailed statement of the factual and legal basis for its Paragraph IV Certifications.

44.     Plaintiffs filed suit against Synthon Defendants in this District on November 18, 2014, asserting that Synthon Defendants infringed the '250 and '413 patents, based on Synthon Pharmaceutical Inc.'s filing of ANDA 20-6873.

45.     Synthon Defendants amended ANDA 20-6873 to include a Paragraph IV Certification stating that the '302 patent is "invalid, unenforceable, or not infringed by the manufacture, use, or sale of sell glatiramer acetate injection, 40 mg/ml strength, for which the application is being submitted."

46.     Synthon Pharmaceuticals, Inc. provided Plaintiffs with a Notice of Certification under 21 U.S.C. § 355(j)(2)(B) indicating that Synthon Pharmaceuticals, Inc. had amended ANDA 20-6873 to include a Paragraph IV Certification as to the '302 patent and providing a detailed statement of the factual and legal basis for that Paragraph IV Certification.

47.     Plaintiffs filed suit against Synthon Defendants and Other Defendants in this District on April 10, 2015, asserting that Synthon Defendants infringed the '302 patent, based on Synthon Pharmaceutical, Inc.'s filing of ANDA 20-6873.

01:17128076.1

43

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Noninfringement of the '302 Patent)

48.     Synthon Defendants hereby incorporate by reference each and every allegation set forth in their Answer and Affirmative Defenses to the Complaint and in Paragraphs 1 through 47 of their Counterclaims above.

49.     Synthon Defendants have not infringed, are not infringing, and will not infringe any valid and enforceable claim of the '302 patent directly or indirectly, either literally or by the doctrine of equivalents.

50.     There exists an actual controversy between Synthon Defendants and Plaintiffs regarding whether Synthon Defendants infringe any valid and enforceable claim of the '302 patent, and a judicial declaration of noninfringement is necessary and appropriate at this time.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '302 Patent)

51.     Synthon Defendants hereby incorporate by reference each and every allegation set forth in their Answer and Affirmative Defenses to the Complaint and in Paragraphs 1 through 50 of these Counterclaims above.

52.     The '302 patent and each of the claims thereof are invalid for failure to comply with one of more conditions for patentability set forth in one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation. In particular, the claims of the '302 patent are invalid under §§ 102 and 103 in light of, but not limited to, the following prior art reference: U.S. Patent Publication 2007/0161566.

53.     There exists an actual controversy between Synthon Defendants and Plaintiffs regarding the validity of the '302 patent, and a judicial declaration of invalidity is necessary and appropriate at this time.

## THIRD COUNTERCLAIM

01:17128076.1

**(Miscellaneous Reservation of Rights)**

54.    Synthon Defendants assert the above counterclaims without the benefit of full discovery and investigation, and reserve the right to supplement or amend these counterclaims as necessary.

## PRAYER FOR RELIEF

WHEREFORE, Synthon Defendants pray that the Court enter judgment in their favor and against Plaintiffs as follows:

1.    Adjudging that Synthon Defendants have not and will not infringe any valid and enforceable claim of any patent asserted by Plaintiffs;

2.    Adjudging that no patent asserted by Plaintiffs is valid;

3.    Adjudging that no patent asserted by Plaintiffs is enforceable;

4.    Enjoining Plaintiffs and their agents, representatives, attorneys and those persons in active concert or participation with them who receive actual notice hereof from threatening or initiating infringement litigation against Synthon Defendants or any of their present or prospective customers, sellers, dealers, suppliers, or charging them either orally or in writing with infringement of any patent asserted herein against Synthon Defendants;

5.    Granting Synthon Defendants judgment in their favor on the Complaint;

6.    Denying Plaintiffs' request for injunctive relief;

7.    Dismissing the Complaint with prejudice;

8.    Finding this case exceptional under 35 U.S.C. § 285 and awarding Synthon Defendants their cost and reasonable attorneys' fees; and

9.    Awarding any other relief as is just and proper.

01:17128076.1

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Robert M. Vrana*

_____

Melanie K. Sharp (No. 2501)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
1000 North King Street
Wilmington, DE  19801
(302) 571-6681
msharp@ycst.com

ROTHWELL, FIGG, ERNST & MANBECK, P.C.
E. Anthony Figg
Sharon L. Davis
R. Elizabeth Brenner-Leifer
Seth E. Cockrum
Jennifer P. Nock
607 14th Street, N.W., Suite 800
Washington, DC  20005
(202) 783-6040

*Attorneys for Synthon Pharmaceuticals Inc., Synthon B.V., and Synthon s.r.o.*

Dated:  May 21, 2015

01:17128076.1

46