**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE COPAXONE 40 MG CONSOLIDATED CASES | C.A. No. 1:14-cv-001171-GMS **(CONSOLIDATED)** |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiffs Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Teva Neuroscience, Inc., and Yeda Research and Development Co., Ltd. (collectively, "Plaintiffs") and Defendants Sandoz Inc. and Momenta Pharmaceuticals Inc. (collectively, "Sandoz"); Doctor Reddy's Laboratories, Ltd. and Doctor Reddy's Laboratories, Inc. (collectively,  "DRL"); Mylan Pharmaceuticals Inc. and Mylan Inc. (collectively, "Mylan"); Synthon Pharmaceuticals Inc., Synthon B.V., and Synthon S.R.O. (collectively, "Synthon"); Amneal Pharmaceuticals LLC and Amneal Pharmaceuticals Company GmbH ("Amneal") (collectively, "Defendants") (Plaintiffs and Defendants collectively, "the Parties" or "a Party"),  through their undersigned counsel, that in order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that confidentiality is afforded only to material so entitled, the following terms and conditions (the "Protective Order") shall govern discovery in the above referenced action (the "Litigation"):

1.      Definitions.  Words shall have their normally accepted meanings as employed in this Protective Order.  The word "shall" is mandatory.  The words "includes" and "including" are not limiting.  The singular shall include the plural and vice versa.  Additionally, the following terms shall have the listed definitions.

(a)      As used herein, the term "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

(b)      As used herein, the term "Information" includes information of any type, kind or character whether it be a document, information contained in a document, information

revealed during a deposition, information revealed in an interrogatory or other discovery response, or otherwise.

(c)    As used herein, the term "In-House Counsel" shall mean attorneys, licensed patent attorneys admitted to practice before a national or European patent office who are employees of a Party, or scientific litigation advisors who are employees of a Party working in the Party's legal department who are responsible for overseeing this Litigation for a Party and who do not and shall not have direct responsibility for prosecuting or filing any patent applications involving glatiramer acetate, and do not and shall not have direct responsibility for submitting regulatory documents to FDA or for communications with FDA involving glatiramer acetate (with the exception of involvement in the preparation and filing of certifications pursuant to 21 U.S.C. § 355(b)(2)(A)(i)-(iv) and 21 U.S.C. § 355(j)(2)(A)(vii)(I)-(IV) and (viii) and notices pursuant to 21 U.S.C. § 355(j)(2)(B)), including without limitation any Citizen Petition.

2.    <u>Scope</u>.  This Stipulated Protective Order (the "Order") includes within its scope any Documents and Information produced, disclosed or filed in the Litigation, whether by a party or non-party (each individually, a "Source"), whether pursuant to formal or informal discovery requests or motion practice, and whether revealed in a document, deposition, an interrogatory answer, a response to a request for documents, a submission to the court or otherwise and including all Documents and all such Information produced or disclosed by non-parties in this Litigation pursuant to subpoena and/or deposition notice (collectively, "Litigation Material").

3.    <u>Scope and Designation of Confidentiality</u>.  "Confidential Information" shall include Litigation Material designated either "HIGHLY CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY", as defined below.  Any information not designated as one of the above

categories by a Source shall be considered to be non-confidential.  No information shall be regarded as Confidential Information:

(a)     if it is in the public domain at the time of disclosure, as evidenced by a document, electronically stored information, or tangible thing;

(b)     if it becomes part of the public domain through no fault of the receiving party, as evidenced by a document, electronically stored information, or tangible thing;

(c)     if it was in the rightful and lawful possession of the receiving party prior to the time of the disclosure, without any applicable obligation of confidentiality, as evidenced by a document, electronically stored information, or tangible thing; or

(d)     if it is received lawfully by the receiving party at a later date from a third party without restriction as to disclosure, provided that such third party has the right to make such unrestricted disclosure to the receiving party.

4.     Designation as "HIGHLY CONFIDENTIAL".  The designation "HIGHLY CONFIDENTIAL" shall mean information that the Source in good faith believes is of a proprietary or commercially sensitive nature and/or information that is required to be treated as confidential pursuant to statute or common law, including applicable foreign data privacy laws, including, but not limited to, information that the Source in good faith believes constitutes a trade secret in the possession of the Source, including the trade secrets of the Source's customers, vendors, accountants, underwriters, or other party, or that the Source in good faith believes constitutes other highly sensitive proprietary information that is entitled to additional protections. Information designated "HIGHLY CONFIDENTIAL" may include, but is not limited to, materials relating to ongoing research and development.

5.      Designation as "OUTSIDE COUNSEL ONLY".  The designation "OUTSIDE

COUNSEL ONLY" is limited to information that the Source in good faith believes constitutes

technical or business information of a most sensitive nature that might be of significant value to an

actual or potential competitor of the Source and which must be protected from disclosure as set

forth herein.  Information designated "OUTSIDE COUNSEL ONLY" may include, but is not

limited to, certain materials relating to highly sensitive research and development, regulatory

approval, and/or future business plans, financial analyses and projections, contractual

relationships with third parties, and the identification of customers and suppliers.

6.      Limited Use of Discovery.

(a)      All Confidential Information shall be used solely for this Litigation and the

preparation and trial in this Litigation, or any appellate proceeding resulting from this Litigation,

and not for any other purpose whatsoever, including without limitation, any other litigation, patent

prosecution, patent reexamination and reissue proceedings, acquisition, or any communication

with any U.S. or foreign regulatory agency including, but not limited to, the FDA, or any business,

research, development or competitive purpose or function.  Confidential Information must not be

distributed, disclosed, or made available to anyone except as expressly provided in this Order.

This Order places no limitation on a Source's use or disclosure of its own Confidential Information.

In addition, any person who receives or reviews OUTSIDE COUNSEL ONLY information

produced by any party other than his or her client shall not thereafter, during the pendency of the

instant litigation and for one year after the final conclusion of this litigation, including appeals:

(i)      amend, draft, or otherwise substantively assist in the drafting or

amending of patent claims in any patent prosecution, reexamination, post-grant review ("PGR") or

inter partes review ("IPR") proceeding pertaining to glatiramer acetate.

(ii)     participate in or aid in the filing of any FDA Citizen Petition related to the technology that is the subject matter of the instant litigation.

(iii)    The foregoing restrictions of this Paragraph 6(a) shall apply only to individuals, and not to the firms or organizations by which they are employed, nor to individuals who received access to Confidential Information or Highly Confidential Information solely in their capacity as clerical staff.

(b)     Confidential Information and the information derived from such Confidential Information shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner, either directly or indirectly, to any person not authorized to receive the information under the terms of this Order.

(c)     All Confidential Information, including, but not limited to electronically stored data, shall be maintained by the receiving party at a location and under circumstances to ensure that access is limited to those persons entitled to have access under this Order.

7.     <u>Access to Confidential Information</u>

Unless otherwise ordered by the Court or permitted in writing by a Source, Confidential Information may be disclosed only as follows:

(a)     Materials designated as "OUTSIDE COUNSEL ONLY" pursuant to this Protective Order, including copies thereof, extracts there from, compilations and/or summaries thereof and information therein, may be disclosed only to the following persons:

(i)     Any attorney who serves as outside counsel of record to any party to this Litigation and all attorneys, legal assistants, stenographic and clerical employees working under the supervision of such attorney in this Litigation;

(ii)     For each party to this Litigation, the attorneys at one additional law firm that is not of record in this Litigation but serves as outside counsel to such party and all attorneys, legal assistants, stenographic and clerical employees working under the supervision of such attorneys.  If any party desires to disclose materials designated as "OUTSIDE COUNSEL ONLY" to such additional law firm, the additional law firm must first be identified to the Source's attorneys in writing, and must agree to be bound by this Protective Order by signing a copy of the Acknowledgement and Agreement to be Bound attached as Exhibit A;

(iii)    The Parties' independent expert(s) or consultant(s) in accordance with Paragraphs 10 and 13 herein;

(iv)    Any person from whom testimony is taken, where such person was the author or specified recipient of the Confidential Material or is the present employee or expert witness for the Source, or where counsel for the Source has, either before or during the deposition, approved the disclosure of such materials to that person, except that such person may not retain any such Confidential Material;

(v)     The Court and court personnel in this Proceeding, including Court reporters in accordance with Paragraph 18 herein;

(vi)    Any interpreters, or court or other shorthand reporters or typists translating, recording or transcribing testimony;

(vii)   Any service contractors (such as document copy services);  and

(viii)  Any translators, persons providing graphics or design or document services for purposes of preparing demonstrative or other exhibits in this Litigation and non-technical jury or trial consulting services, provided that any such person(s) agrees to be bound

by this Protective Order by signing a copy of the Acknowledgement and Agreement to be Bound attached as Exhibit A.

    (b)  Materials designated as "HIGHLY CONFIDENTIAL" pursuant to this Protective Order, including copies thereof, extracts there from, compilations and/or summaries thereof and information therein, may be disclosed to the persons designated in subparagraph 7(a), above, as well as to the following persons:

      (i)  Plaintiffs shall collectively be entitled five (5) designated In-House Counsel, in accordance with Paragraphs 11 and 12 herein;

      (ii)  Sandoz shall be entitled five (5) designated In-House Counsel, in accordance with Paragraphs 11 and 12 herein;

      (iii)  DRL shall be entitled five (5) designated In-House Counsel, in accordance with Paragraphs 11 and 12 herein;

      (iv)  Mylan shall be entitled five (5) designated In-House Counsel, in accordance with Paragraphs 11 and 12 herein;

      (v)  Synthon shall be entitled five (5) designated In-House Counsel, in accordance with Paragraphs 11 and 12 herein; and

      (vi)  Amneal shall be entitled five (5) designated In-House Counsel, in accordance with Paragraphs 11 and 12 herein.

    (c)  Limited Exception:

      (i)  Witnesses:  If a document designated as "HIGHLY CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" refers to the conduct or affairs of a potential witness, the Parties' attorneys may discuss such conduct or affairs with the witness without revealing that such a document exists, its contents, its author or its source.

8.    Manner of Disclosure.  The provisions of this Protective Order extend to all Confidential Information regardless of the manner in which it is disclosed, including but not limited to any interrogatory answers; responses to requests for admission; deposition testimony, transcripts, and exhibits; and any other discovery materials produced in response to or in connection with any discovery conducted in the Litigation, in each case that has been designated consistent with the manner set forth in Paragraph 9, and any copies, notes, abstracts or summaries of the foregoing materials.

9.    Manner of Designating Confidentiality.  Documents or information may be designated as Confidential Information within the meaning of this Protective Order in the following ways:

(a)    In the case of documents and the information contained therein, designation shall be made by means of placing a stamp, label, or other clear designation stating "HIGHLY CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" on the documents to be so designated.  In cases where it is impractical to stamp each page of a document, the Source shall indicate on the face of the document that the entire document is either Highly Confidential or Outside Counsel Only.

(b)    In the case of interrogatory answers, responses to requests for admissions and the information contained therein, designation shall be made by placing on the front of any set of interrogatory answers or responses to requests for admission containing Confidential Information:  "Contains information designated [select one or more as appropriate] HIGHLY CONFIDENTIAL/ OUTSIDE COUNSEL ONLY."  Designated parts are not to be used, copied, or disclosed except as authorized by this Protective Order.

(c)     In the case of depositions and the information contained in depositions (including exhibits), designation of the whole transcript or portions of the transcript (including exhibits) that contain Confidential Information shall be made either on the record at the deposition or by letter from counsel within seven (7) days of receipt of the deposition transcript.  If the testimony involves material that a non-party designated as confidential, the person taking the deposition must consult that non-party to determine whether the affected portions of the testimony should be designated as Confidential Information.  The entire deposition transcript (including exhibits) shall be treated as OUTSIDE COUNSEL ONLY under this Protective Order until the expiration of the above-referenced thirty-day period for designation by letter, except that the deponent may review the transcript of his or her own deposition during this seven-day period.  The parties may also agree to extend the time period for providing such designations.  Further, the notation, "Contains information designated [select one or more as appropriate] HIGHLY CONFIDENTIAL/OUTSIDE COUNSEL ONLY" shall be placed on the front of the deposition transcript, and, if the deposition is videotaped, on the videocassette, CD-ROM or other video container.  Designated parts are not to be used, copied, or disclosed except as authorized by this Protective Order.  Counsel retaining court reporters shall have the responsibility for ensuring their compliance with this paragraph.

(d)     To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, databases or programs stored on computers, discs, networks or tapes) ("Computerized Material") is produced by any Source in such form, the Source may designate such matter as "HIGHLY CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" by placing a stamp, label or other clear designation stating "HIGHLY CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" on the disc or tape containing the Computerized Material.

10. <u>Disclosure To And Identification Of Experts and Consultants</u>. If any party desires to disclose "HIGHLY CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" information of another party to any Expert or Consultant, it must first identify each Expert or Consultant to the Source's attorneys in writing. Such identification shall include: (1) the proposed Expert or Consultant's full name, professional address, and professional affiliations; (2) an up-to-date curriculum vitae identifying the past five years of consulting history; and (3) a list of the cases in which the Expert or Consultant has testified at a deposition or at trial within the last four years; and (4) an executed copy of the Acknowledgement and Agreement to be Bound (see Exhibit A).

The attorney for the Source shall have seven (7) calendar days from receipt of such notice to object to such disclosure, during which time no such disclosure shall be made.

If the Source does object to the proposed disclosure, the parties shall meet and confer within seven (7) calendar days of receipt of such objection to resolve the disagreement.

If the parties are not able to come to an agreement, the producing party shall have the burden of moving the Court for an order prohibiting the disclosure. The receiving party shall have ten (10) business days after the producing party has filed a motion to respond. If such a motion is filed, disclosure shall not be made until the Court has ruled on the motion and response. If the Court orders disclosure, such disclosure shall not in any way affect the designation of the material or information disclosed, nor shall it allow any party to deviate from the requirements of this Protective Order regarding disclosure to any other person.

11. <u>Disclosure To And Identification Of In-House Counsel.</u> If any party desires to disclose "HIGHLY CONFIDENTIAL" information of another party to an In-House Counsel, it must first identify such in-house counsel to the Source's attorneys in writing. The initial designations for Plaintiffs are as follows:

| FULL NAME OF IN-HOUSE COUNSEL (**TEVA**) | JOB TITLE | PROFESSIONAL ADDRESS |
|---|---|---|
| David Stark, Esq. | General Counsel for Global Markets | Teva Pharmaceuticals 425 Privet Road Horsham PA 19044-8005 |
| Staci L. Julie, Esq. | Vice President, Global Intellectual Property | Teva Pharmaceuticals 425 Privet Road Horsham PA 19044-8005 |
| Matthew Blischak, Esq. | Associate General Counsel, Global Branded IP Litigation | Teva Pharmaceuticals 425 Privet Road Horsham PA 19044-8005 |
| Lori Wolfe, Esq. | Senior Counsel, Global Branded IP Litigation | Teva Pharmaceuticals 425 Privet Road Horsham PA 19044-8005 |
| Gil Granot-Mayer | Deputy CEO & General Counsel | Yeda Research & Development Co. Ltd. P.O. Box 95 Rehovot 76100, Israel |

The initial designations for Sandoz are as follows:

| PARTY | FULL NAME OF IN-HOUSE COUNSEL | JOB TITLE | PROFESSIONAL ADDRESS |
|---|---|---|---|
| Sandoz Inc. | Josephine Liu | Senior IP Litigation Counsel | Sandoz Inc. 100 College Rd. West Princeton, NJ 08540 |
| Sandoz Inc. | Ram Ramamoorthy | Scientific Advisor | Sandoz Inc. 100 College Rd. West Princeton, NJ 08540 |
| Sandoz Inc. | Markus Hartmann | Vice President & North American General Counsel | Sandoz Inc. 100 College Rd. West Princeton, NJ 08540 |
| Momenta Pharmaceuticals, Inc. | Leda Trivinos | Chief Patent Counsel | Momenta Pharmaceuticals, Inc. 675 West Kendall Street Cambridge, MA 02142 |
| To be determined | | | |

The initial designations for DRL are as follows:

| FULL NAME OF IN-HOUSE COUNSEL (**DRL**) | JOB TITLE | PROFESSIONAL ADDRESS |
|---|---|---|
| Lee Banks | Vice President, Intellectual Property | Dr. Reddy's Laboratories, Inc. 107 College Rd E, Princeton, NJ |

| | | 08540 |
|---|---|---|
| Anjum Swaroop | Deputy Head, Intellectual Property | Dr. Reddy's Laboratories, Inc. 107 College Rd E, Princeton, NJ 08540 |
| A. Mallikarjun Prasad Rao | Senior Analyst, Intellectual Property | Dr. Reddy's Laboratories, Inc. 107 College Rd E, Princeton, NJ 08540 |
| Srinivas Reddy Madduri | Associate Director, Intellectual Property | Dr. Reddy's Laboratories, Inc. 107 College Rd E, Princeton, NJ 08540 |

The initial designations for Mylan are as follows:

| FULL NAME OF IN-HOUSE COUNSEL (MYLAN) | JOB TITLE | PROFESSIONAL ADDRESS |
|---|---|---|
| Jill Ondos | Senior Vice President and Global General Counsel, Litigation | Mylan 1000 Mylan Boulevard Canonsburg, PA 15317 |
| Tom Jenkins | Vice President and Assistant Global General Counsel, Patent Litigation | Mylan 1000 Mylan Boulevard Canonsburg, PA 15317 |
| | | |
| | | |
| To be determined | | |

The initial designations for Synthon are as follows:

| FULL NAME OF IN-HOUSE COUNSEL (SYNTHON) | JOB TITLE | PROFESSIONAL ADDRESS |
|---|---|---|
| Dominique van de Kamp | Head of IPR Development Products | Synthon B.V. Microweg 22 PO Box 7071 6503 CM Nijmegen The Netherlands |
| Theo Peters | Director, I.P. Litigation | Synthon B.V. Microweg 22 PO Box 7071 6503 CM Nijmegen |

|  |  | The Netherlands |
|---|---|---|
|  |  |  |
| To be determined |  |  |

The initial designations for Amneal are as follows:

| FULL NAME OF IN-HOUSE COUNSEL (AMNEAL) | JOB TITLE | PROFESSIONAL ADDRESS |
|---|---|---|
| Lars Taavola | Senior Patent Counsel - Global Intellectual Property | Amneal Pharmaceuticals 400 Crossing Boulevard, Third Floor, Bridgewater, New Jersey 08807-2863 |
| Bryan J. Sommese | Director, Global Intellectual Property | Amneal Pharmaceuticals 400 Crossing Boulevard, Third Floor, Bridgewater, New Jersey 08807-2863 |
| Ken M. Zeidner | Senior Patent Counsel/Senior Director - Global Intellectual Property | Amneal Pharmaceuticals 400 Crossing Boulevard, Third Floor, Bridgewater, New Jersey 08807-2863 |
| Kenneth Cappel | Vice President Global Intellectual Property | Amneal Pharmaceuticals 400 Crossing Boulevard, Third Floor, Bridgewater, New Jersey 08807-2863 |
| To be determined |  |  |

12.     <u>Substitution of in-house counsel</u>.  If any party subsequently proposes a substitution of designated in-house counsel identified in paragraph 11, it must identify in writing the proposed substitute in-house counsel being added and the in-house counsel being removed.  Such identification shall include the proposed in-house counsel's: (1) full name; (2) job title; and (3) professional address.

The Source shall have seven (7) calendar days from receipt of such notice to object to such substitution, during which time no such disclosure shall be made.

If the Source objects to the proposed substitution, the parties shall meet and confer within seven (7) calendar days of receipt of such objection to resolve the disagreement.

14

If the parties are not able to come to an agreement, the receiving party shall have the burden of moving the Court for an order allowing the disclosure.  The Source shall have ten (10) business days after the receiving party has filed a motion seeking disclosure to respond. If the Court issues an order permitting disclosure, such disclosure shall not in any way affect the designation of the material or information disclosed, nor shall it allow any party to deviate from the requirements of this Protective Order regarding disclosure to any other person.

13.     <u>Preservation of Executed Acknowledgements</u>.  Persons, such as experts and consultants, who are not parties to this Litigation but will have access to Confidential Information shall review and sign an Acknowledgement and Agreement to be Bound (see Exhibit A).  The originals of any executed Acknowledgments of Stipulated Protective Order shall be deemed work product, and the party who obtains them shall maintain them until (30) days after the filing of the decision from the last reviewing court that disposes of the Litigation in its entirety ("the Final Resolution of the Litigation").  In any action or proceeding to enforce the terms of this Order, upon a showing of good cause to the Court, copies of all executed Acknowledgments of Stipulated Protective Order shall be provided to the court for *in camera* review.

14.     <u>Objections to Designations</u>.  The following procedures shall govern any challenges to confidentiality designations:

(a)     If a party in good faith believes that information should not be designated as Confidential Information, it must specify to the Source in writing (i) the information challenged and (ii) the grounds for questioning the confidentiality designation.  The Source must respond in writing within ten (10) business days, or within such additional time as is reasonable (taking into account the number of documents or other information challenged) and is agreed to by counsel or as ordered by the Court.

(b)      If the objecting party and the Source do not reach agreement within ten (10) business days after the Source has responded to the challenging party, then the party opposing the confidentiality designation has ten (10) business days to move the Court to compel. Until the Court rules, the confidentiality designation shall remain in effect.

(c)      Nothing in this Protective Order shall be deemed to allocate or reallocate any substantive burdens with respect to confidentiality, which shall be determined in accordance with governing law.

15.      Option to Redact Information.  The Source may choose to produce documents, electronically stored information, or tangible things in redacted form, redacting information that is nonresponsive (including confidential material unrelated to the litigation), or information that is protected by the attorney-client privilege or the work-product doctrine.   The Source will make it clear that a redaction has been made on each redacted portion of the document, electronically stored information, or tangible thing.  If requested by a receiving party, the Source will, within ten (10) business days of such request, provide the basis for any redactions made to identified documents.

16.      Objection to Redactions.  The following procedures shall govern any challenges to a redaction:

(a)      If a party in good faith believes that a redaction is improper, it must specify to the Source in writing (i) the redaction challenged and (ii) the grounds for questioning the redaction.  The Source must respond in writing within ten (10) business days, or within such additional time as is reasonable (taking into account the number of documents or other information challenged) and is agreed to by counsel or as ordered by the Court.

(b)     The Source and the party challenging a redaction may choose, but are not required, to designate a mutually acceptable party to inspect the redacted information and to provide a recommendation as to whether the redaction was proper.  The Source is not required to make such a disclosure of redacted information, but if such a disclosure is made, it shall be considered to have been made only to expedite resolution of the dispute over the redaction and shall not constitute a waiver by the Source of any privilege, immunity, or other protection from disclosure.  The mutually acceptable party inspecting the redacted information shall sign an Acknowledgement and Agreement to be Bound and shall not disclose the redacted information to any other person or use such information for any other purpose other than to inspect the redacted information and to provide a recommendation as to whether the redaction was proper.

(c)     If the objecting party and the Source do not reach agreement within ten (10) business days after the Source has responded to the challenging party, then the party opposing the redaction has ten (10) business days to move the Court to compel. Until the Court rules, the redaction shall remain in place.

(d)     Nothing in this Protective Order shall be deemed to allocate or reallocate any substantive burdens with respect to assertions of attorney-client privilege, work-product doctrine, or trade secret, which shall be determined in accordance with governing law.

17.     <u>Filing Confidential Information with the Court.</u>  The Clerk of the Court is directed to maintain under seal any pleading, motion, brief, memorandum, exhibit, affidavit, declaration, transcript, response to a discovery request, or other paper filed with the Court in compliance with Local Rule 5.1.3, which has been designated, in whole or in part, as containing or revealing Confidential Information under this Stipulated Protective Order.  Such documents shall be filed under seal and subsequently redacted according to the Local Rules and the District of Delaware's

Administrative Procedures Governing Filing and Service by Electronic Means (the "CM/ECF

Procedures"), as applied and interpreted in connection with the District of Delaware CM/ECF

User's Manual  Preservation of Rights and Privileges.

18.     <u>Confidential Designations and Objections Thereto.</u> Parties shall limit their

"HIGHLY CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" designations solely to

information which they in good faith believe to fall within this Protective Order.  No receiving

party shall be under any obligation to object to the designation of any document or information as

"HIGHLY CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" at the time such designation is

made, or at any time thereafter, and no party shall, by failure to object, be found to have acquiesced

or agreed to such designation or be barred from objecting to such designation at any time.

19.     <u>Preservation of Rights and Privileges.</u>  Nothing contained in this Protective Order

shall: (a) affect the right, if any, of any party or non-party to make any type of objection, claim, or

other response to any discovery request, including, without limitation, any interrogatories,

requests for admissions, requests for production of documents or questions at a deposition; (b) be

construed as a waiver of any legally cognizable privilege to withhold any Confidential Information,

or of any right to assert such privilege at any stage of the Litigation; or (c) prevent any party from

applying to the Court for relief from this Protective Order, modification of this Protective Order or

additional protective orders.

20.     <u>No Admission.</u>  A party's compliance with the terms of this Protective Order shall

not operate as an admission that any particular document or other information is or is not (i)

confidential, (ii) privileged, or (iii) admissible in evidence at trial.  The parties retain the right to

challenge the use or admissibility of all documents or information exchanged under this Protective

Order.

21.     <u>Use of Confidential Information at Hearings and Trial</u>. Any party that reasonably believes it will disclose Confidential Information in any proceeding before the Court shall so inform the Court and the Source at least forty-eight (48) hours in advance of actual disclosure so that the Court can decide what precautions, if any, are appropriate to protect the Source's Confidential Information, including how exhibits containing Confidential Information shall be filed to maintain their confidentiality.  The use of Confidential Information at trial shall be addressed in the final pretrial order, except that the Source shall unilaterally determine whether the designation of "HIGHLY CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" shall be removed from any exhibit containing its Confidential Information before such exhibit is used at trial.  The removal of this designation shall not affect the protections afforded to the Confidential Information itself.

22.     Nothing herein shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this Litigation, and in the course thereof, from generally referring to or relying upon HIGHLY CONFIDENTIAL or OUTSIDE COUNSEL ONLY information.  In rendering advice or otherwise communicating with his or her client, counsel shall not disclose the specific content of any HIGHLY CONFIDENTIAL or OUTSIDE COUNSEL ONLY information where such disclosure would not otherwise be permitted under the terms of this Order

23.     <u>Return or Destruction of Materials</u>.  Within sixty (60) days after final judgment from which no appeal can be taken is entered in this Litigation ("Final Resolution of the Litigation"), counsel for the receiving party shall either return to counsel for the Source all Confidential Information stored in any form (including Confidential Information in the possession, custody, or control of any authorized agents, experts and consultants) or destroy the Confidential Information.  Counsel for each party must certify compliance with this paragraph within this

sixty-day period.  As to those materials that contain or reflect Confidential Information, but which also constitute or reflect counsels' work product, such counsel shall be entitled to retain those materials in their files in accordance with the provisions of this Protective Order, so long as such materials are marked with the appropriate designation.  Counsel shall also be entitled to retain one copy of all pleadings, motion papers (including exhibits), deposition transcripts (including exhibits), and the trial record (including exhibits) even if such materials contain Confidential Information, so long as such materials are marked with the appropriate designation.  Materials described in this paragraph contained in the files of counsel shall continue to be governed by this Protective Order.

24.     <u>Withdrawal Requests</u>.  Within sixty (60) days after Final Resolution of the Litigation, any Confidential Information which has been submitted to the Court during the course of the Litigation, including Confidential Information submitted for identification or received into evidence at the time of the trial of the Litigation, may be the subject of a withdrawal request addressed to the Court, and consent to such request shall not be withheld by the receiving party or parties without good cause.

25.     <u>Inadvertent Disclosure</u>.  The inadvertent or unintentional disclosure or failure to designate documents, electronically stored information, or tangible things as "HIGHLY CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" shall not be deemed a waiver in whole or in part of a Source's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto.  Upon learning of an inadvertent or unintentional disclosure of Confidential Information, the Source shall provide notice to the parties who have received such Confidential Information as to how the information should have been designated and shall thereafter have ten (10) business days to make the appropriate designation.  During this ten-day

period, the information may not be used in a manner inconsistent with such notice.  Upon receipt

of properly re-designated documents, counsel for the receiving party shall, within ten (10) business

days, either return to counsel for the Source all versions of that Confidential Information that were

not so designated or certify in writing that they have been destroyed.

26.   <u>No Waiver of Privilege</u>.  Pursuant to FRE 502, the inadvertent or unintentional

disclosure of information subject to a claim of privilege (including work-product immunity) shall

not be deemed a waiver in whole or in part of a Source's claim of privilege (including

work-product immunity), either as to the specific information disclosed or as to any other

information relating thereto.  Upon learning of an inadvertent or unintentional disclosure of

privileged information, the Source shall provide written notice to the parties who have received

such privileged information and the recipients will then treat the protected documents or

information according to Federal Rule of Civil Procedure 26(b)(5)(B).  Certification of

compliance with Rule 26(b)(5)(B) must be given by the recipients within five (5) business days of

the date of that notice.  If the receiving party intends to challenge the assertion of privilege, it must

provide written notice within this five-day period.  The receiving party must file a motion to

compel the production of the documents pursuant to Rule 26(b)(5)(B) within fourteen (14)

business days of its notice challenging the assertion of the privilege.  Pending the Court's ruling,

the party challenging the assertion of privilege shall segregate the affected documents and

materials, place them in a sealed envelope or other sealed container and shall not make any use of

such documents, electronically stored information, or tangible things.

27.   <u>Requests for Production from Those Who are Not a Party to This Protective Order</u>.

Any party or person in possession of Confidential Information who receives a subpoena (or other

process) from any person (including, but not limited to, natural persons, corporations, partnerships,

firms, governmental agencies, departments or bodies, boards or associations) who is not a party to this Protective Order, which subpoena seeks production or other disclosure of such Confidential Information, shall promptly give written notice by facsimile, e-mail, or overnight mail delivery to counsel for the Source identifying the materials sought and enclosing a copy of the subpoena or other process.  The party or person receiving the subpoena shall also inform the person seeking the Confidential Information that such information is confidential, subject to this Protective Order, and may not be disclosed without either (i) the consent of the Source or (ii) a court order.  The person subject to the subpoena or other process shall not produce or disclose the requested information until ordered to do so by a court of competent jurisdiction.

28.  <u>Additional Parties</u>.  The terms of this Protective Order shall be binding upon all current and future parties to the Litigation and their counsel.  Within ten (10) days of the entry of appearance by a new party to the Litigation, Plaintiffs' counsel shall serve a copy of this Protective Order on the new party's counsel.  When serving subpoenas on non-parties, a copy of this Protective Order shall be included, and the subpoena shall expressly incorporate by reference the terms of this Protective Order.  Any non-party producing documents or information in the Litigation may avail themselves of the confidential treatment provided for in this Protective Order by signing a copy of this Protective Order and serving same on all counsel of record.

29.  <u>Source's Use of Own Information</u>.  Nothing in this Protective Order shall prevent a Source from using or disclosing its own information as it deems appropriate.  Any such disclosure by a Source shall not impair the confidentiality obligations imposed upon all other parties and persons subject to this Protective Order.

30.     <u>Compliance with Federal and Local Rules</u>.  This Protective Order does not relieve any party or non-party from compliance with the Federal Rules of Civil Procedure, the Local Rules of the District of Delaware, or the Standing Orders of this Court with respect to discovery issues.

31.     <u>Binding Effect of Protective Order Prior to Entry</u>.  All parties to this Protective Order shall be bound by the terms of the Protective Order pending entry of the Protective Order by the United States District Court for the District of Delaware.

32.     <u>Duration of Protective Order</u>.  This Protective Order shall remain in force and effect until modified, superseded, or terminated by written consent of all parties or by an order of the Court.  The Court expressly retains jurisdiction to enforce of the provisions of this Protective Order following the Final Resolution of the Litigation.

33.     <u>Execution in Counterparts</u>.  This Protective Order may be executed in counterparts and signatures obtained via facsimile shall have the full force and effect of original signatures.

34.     <u>Responsibility of Attorneys</u>.  The attorneys of record are responsible for employing reasonable measures to control, consistent with this Protective Order, duplication of, access to, and distribution of Confidential Information.

Dated:  May 22, 2015

<table>
<tr><td>

*/s/ Stephen B. Brauerman*
Richard D. Kirk (No. 922)
Stephen B. Brauerman (No. 4952)
Vanessa R. Tiradentes (No. 5398)
Sara E. Bussiere (No. 5725)
BAYARD, P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
(302) 655-5000
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com
sbussiere@bayardlaw.com

</td><td>

*/s/ Karen E. Keller*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com

</td></tr>
</table>

David M. Hashmall
Elizabeth J. Holland
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
(212) 813-8800

Daryl L. Wiesen
John T. Bennett
Nicholas K. Mitrokostas
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
(617) 570-1000

William G. James
GOODWIN PROCTER LLP
901 New York Ave. NW
Washington, DC 20001
(202) 346-4000

*Attorneys for Plaintiffs Teva Pharmaceuticals
USA, Inc., Teva Pharmaceutical Industries,
Ltd., Teva Neuroscience, Inc. and Yeda*


*/s/ David A. Bilson*
John C. Phillips, Jr. (No. 110)
David A. Bilson (No. 4986)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE 19806
jcp@pgslaw.com
dab@pgslaw.com

Constance S. Huttner
Beshoy M. Sharoupim
BUDD LARNER, P.C.
150 John F. Kennedy Parkway
Short Hills, NJ 07078
(973) 315-4430

*Attorneys for DRL Defendants*

/s/ Frederick L. Cottrell. III
Frederick L. Cottrell, Ill (No. 2555)
RICHARDS, LAYTON, & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
Cottrell@rlf.com

Shannon M. Bloodworth
PERKINS COIE LLP
700 13th St. NW
Washington, DC 20005
(202) 654-6204

*Attorneys for Mylan Inc., Mylan
Pharmaceuticals Inc. and Natco Pharma Ltd.*

/s/ Dominick T. Gattuso
Dominick T. Gattuso (No. 3630)
PROCTOR HEYMAN & ENERIO LLP
300 Delaware Ave., Suite 200
Wilmington, DE 19801
(308) 472-7300
DGattuso@proctorheyman.com

Rachel Krevans
Matthew I. Kreeger
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
(415) 268-7000

Grant J. Esposito
David J. Austin
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019-9601
(212) 468-8000

Brian M. Kramer
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, California 92130-2040
(858) 720-5100

*Attorneys for Defendants Sandoz Inc.
and Momenta Pharmaceuticals, Inc.*

/s/ Richard L. Renck
Richard L. Renck (No. 3893)
DUANE MORRIS LLP
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801-1659
(302) 657-4900

Anthony J. Fitzpatrick
Vincent L. Capuano, Ph.D.
Christopher S. Kroon
Carolyn A. Alenci
DUANE MORRIS LLP
100 High Street, Suite 2400
Boston, MA 02110-1724
(857) 488-4200

/s/ Robert M. Vrana
Melanie K. Sharp (No. 2501)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
1000 North King Street
Wilmington, DE 19801
(302) 571-6681
msharp@ycst.com

*Attorneys for Amneal Pharmaceuticals LLC*
*and Amneal Pharmaceuticals Company GmbH*

E. Anthony Figg
Sharon L. Davis
R. Elizabeth Brenner-Leifer
Seth E. Cockrum
Jennifer Nock
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
607 14th Street, N.W., Suite 800
Washington, DC 20005
(202) 783-6040

*Attorneys for Synthon Pharmaceuticals Inc.,*
*Synthon B.V, and Synthon s.r.o.*

**IT IS SO ORDERED**.

Dated: _____       _____
                                        United States District Judge

## EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE COPAXONE 40 MG<br>CONSOLIDATED CASES | C.A. No. 1:14-cv-001171-GMS<br><br>(**CONSOLIDATED**) |

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

Name & Company/Firm Affiliation: _____

Address: _____

     I hereby certify that I have read the attached Stipulated Protective Order ("Protective Order") entered in the above referenced action (the "Litigation") and agree to be bound by its terms, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I acknowledge that I cannot use any of the information that is the subject of this Protective Order for any other purpose except this Litigation.  I will employ reasonable measures to control duplication of, access to, and distribution of Confidential Information, as defined in the Protective Order, and I will not reveal Confidential Information to or discuss it with, any person who is not entitled to receive Confidential Information.

27

I understand and agree that damages for violation of the Protective Order are not an adequate remedy and that the appropriate remedy includes injunctive relief.

In addition, I agree that the United States District Court for the District of Delaware has jurisdiction to enforce the terms of the Protective Order, and I consent to the personal jurisdiction of that Court in an action to enforce the terms of the Protective Order.

_____      _____
                  Signature                                                    Date