

Karen E. Keller
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0702- Direct
kkeller@shawkeller.com

August 29, 2016

**BY CM/ECF**
The Honorable Gregory M. Sleet
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

Re:     *Teva Pharms. USA, Inc., et al. v. Mylan Pharms. Inc., et al.,*
        C.A. No. 14-1171-GMS (Consolidated)

Dear Judge Sleet:

        We write on behalf of Plaintiffs in response to the August 26, 2016 letter submitted by
the Defendants.  Defendants' counsel did not confer with Plaintiffs or provide any advance
notice of their letter submission.  Thus, Plaintiffs do not know what "complex issues"
Defendants contend necessitate an in-person conference.  Plaintiffs are not aware of any.

        The Patent Trial and Appeals Board's ("PTAB") recent decisions in several review
proceedings should not impact the conduct of the trial in this case.  As an initial matter, the
PTAB denied Mylan's petition for post grant review of the '776 patent, which means there is no
pending PTAB proceeding on this patent.  The '776 patent claims novel elements of the claimed
treatment methods, namely a reduction in the severity of injection related adverse events.  These
claim elements are not found in any of the other patents asserted in this case.[1]  Moreover, the
inter parties review decisions cited by Defendants do not make the '250 or '413 patents asserted
by Plaintiffs unenforceable in this litigation because Teva intends to appeal the decisions.  The
Patent Office is prohibited from cancelling these claims until an appeal from those decisions has
been completed.  *See* 37 C.F.R. § 42.80.  Thus, the claims of the '250 and '413 patents remain
valid and enforceable, as there has been no appellate decision affirming the PTAB decisions.

        Of course, Plaintiffs are available to attend any conference that the Court may deem
useful.  However, if the Defendants intend to raise a "complex issue" or request some other relief
on the basis of the recent PTAB rulings, they should be required to identify those issues in

---

[1] Defendants' suggestion that Plaintiffs have agreed that the scope of the '776 patent is the same
as the '302 patent is baseless.  Both parties to this case have agreed that the unique reduced
severity claim elements of the '776 patent are claim limitations.  (D.I. 194.)  Plaintiffs cited to
the prosecution history of the '776 patent during the PTAB post grant review proceedings
merely to make clear that the PTO understood that the claims of the '776 patent had written
description support in a patent application predating enactment of the America Invents Act,
making them ineligible for post grant review.  Plaintiffs have never asserted that the '776
patent claims have the same scope as the '302 patent claims.

SHAW KELLER LLP

The Honorable Gregory M. Sleet
Page 2

advance of such conference and to confer with Plaintiffs about them.  Depending on what issues
the Defendants intend to raise, written submissions may be of assistance to the Court.

Respectfully submitted,

*/s/ Karen E. Keller*

Karen E. Keller (No. 4489)

cc:     All Counsel of record (by e-mail)
        Clerk of Court (by CM/ECF)