**RICHARDS LAYTON & FINGER**

Frederick L. Cottrell, III
Director
302-651-7509
Cottrell@rlf.com

January 31, 2017

**VIA CM/ECF AND HAND DELIVERY**

The Honorable Gregory M. Sleet
United States District Court
District of Delaware
844 King Street
Wilmington, Delaware 19801

>   Re:   In Re Copaxone 40 MG Consolidated Cases
>         C.A. No. 14-1171-GMS

Dear Judge Sleet:

   We represent Defendants Mylan Pharmaceuticals Inc. and Mylan Inc. (collectively, "Mylan") in the above-captioned matter and write on behalf of Mylan and Defendants Doctor Reddy's Laboratories, Ltd. and Doctor Reddy's Laboratories, Inc. (collectively, "DRL"), Pfizer Inc., Synthon Pharmaceuticals, Inc., Synthon B.V. and Synthon s.r.o. (collectively, "Synthon"), and Amneal Pharmaceuticals LLC and Amneal Pharmaceuticals Company GmbH (collectively, "Amneal") (together, "Defendants") pursuant to the Court's oral order of today and D.I. 298, and in response to Plaintiffs' letter (D.I. 297) requesting an emergency injunction pending appeal. We respectfully request that the Court deny Teva's emergency request.

   Injunctions pending appeal are exceedingly rare. The relevant factors under Fed. R. Civ. P. 62(c) are demanding: (1) whether the movant has made a strong showing that it is likely to succeed on the merits; (2) whether the movant has shown that it will be irreparably injured absent an injunction; (3) whether issuance of an injunction will substantially injure other parties; and (4) the public interest. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Because Teva has no reasonable prospect of satisfying this standard, this Court can deny Teva's Rule 62(c) motion. As Teva's letter acknowledges, it will then be free to immediately pursue such relief in the Federal Circuit. *See* Fed. R. App. P. 8(a)(1)(A) (a party must ordinarily move first in district court before seeking injunction pending appeal from appellate court).

   Teva cannot make a strong showing that it is likely to succeed on the merits. In a thorough and well-reasoned decision, this Court found all asserted patent claims obvious, deeming the four patents-in-suit "nothing more than 'life cycle management'—an attempt to continue to monopolize a multi-billion dollar market for a blockbuster drug." D.I. 294 at 47.

The Honorable Gregory M. Sleet
January 31, 2017
Page 2

The Court based its obviousness factual findings on a comprehensive canvassing of the prior art, Plaintiffs' own admissions, and an evaluation of the credibility of the parties' expert and fact witnesses. *See, e.g.*, *id*. at 26-28 ("the court disagrees with [Teva's expert] Dr. Ziemssen"), 41 (same), 37-38 ("the statements that Teva made to the FDA in the GALA protocol confirm the court's analysis"), 47 ("If the court were to find Dr. Klinger's testimony credible, Teva would have administered a drug to hundreds of chronically ill patients with no reasonable expectation that the drug would be effective, safe or tolerable."). Such determinations are particularly difficult to overturn on appeal under clear error review, *see Aventis Pharma S.A. v. Hospira, Inc.*, 675 F.3d 1324, 1332, 1336 (Fed. Cir. 2012), and receive "great deference" from the appellate court. *SynQor, Inc. v. Artesyn Techs., Inc.*, 635 Fed. App'x 891, 894 (Fed. Cir. 2015) (collecting cases).

Teva's task to make a strong showing that it is likely to succeed on the merits is singularly difficult here. In addition to this Court's ruling, the United States Patent Trial and Appeal Board (PTAB) has likewise concluded that all claims of three of the four patents-in-suit are unpatentable as obvious in *inter partes review* proceedings. *See* D.I. 294 at 49 n.4.[1] And despite its claims of urgency in this Court, Teva has not even appealed the PTAB's decisions to the Federal Circuit, even though the PTAB disposed of Teva's motions for reconsideration of those decisions two months ago.

Teva also cannot show irreparable injury. "The key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." *Sampson v. Murray*, 451 U.S. 61, 90 (1974) (citation omitted). This is not the first time Teva has sought emergency relief pending appeal in a case involving Copaxone®. When the Federal Circuit invalidated several patents on the Copaxone® 20 mg product, Teva appealed to the United States Supreme Court and asked Chief Justice Roberts (as Circuit Justice for the Federal Circuit) to recall and stay the Federal Circuit's mandate pending resolution of the appeal. The Chief Justice declined, concluding that Teva faced no irreparable harm; any harm it faced was purely monetary. *Teva Pharms. USA, Inc. v. Sandoz, Inc.*, 134 S. Ct. 1621 (2014). The Chief Justice found that if the patents were eventually held valid (they were not), "Teva will be able to recover damages … for past patent infringement. Given the availability of that remedy, the extraordinary relief that Teva seeks is unwarranted." *Id*. The same is true here.

Moreover, Defendants will face substantial injury if an injunction is entered. Having lost both in this Court and at the PTAB, an injunction pending appeal could be used by Teva to *alter* the status quo ante. For example, Teva could launch an authorized generic version of Copaxone® 40 mg or take other commercial actions to Defendants' detriment. And given the Court's correct finding that the patents-in-suit are "nothing more than 'life cycle management'" and "an attempt to continue to monopolize" the market for an important multiple sclerosis therapy, D.I. 294 at 47, an injunction would certainly not serve the public interest.

---

[1] The fourth patent-in-suit, the '776 patent, is the subject of a pending *inter partes review* petition at the PTAB.

The Honorable Gregory M. Sleet
January 31, 2017
Page 3

      For all these reasons, we respectfully believe that the Court can deny Teva's emergency request without further briefing or burden on the Court's docket. Final judgment has been entered. *See* D.I. 299. Teva's recourse now lies with the Federal Circuit.

      Respectfully,

      */s/ Frederick L. Cottrell, III*

      Frederick L. Cottrell, III (#2555)

FLC,III/afg

cc:    All counsel of record
        Clerk of Court (by CM/ECF)